| 14 | 143 |
| 43 | 664 |
| 14 | 143 |
| 45 | 533 |
| 14 | 143 |
| 51 | 184 |

## ANDREW AKIN v. LEWIS F. DAVIS, *et al.*

1. PRELIMINARY INJUNCTION; *When no Error to Refuse.* Where on an application for a preliminary injunction the petition alleges that the plaintiff is and has been for a series of years the owner of a mill-dam; that in a proper court a decree had been entered in a suit brought by one of the defendants, whose land was flowed by said dam; that to such suit plaintiff was not made a party, and had no notice, actual or constructive, thereof; that execution has been issued, and is in the hands of the other defendant as sheriff of the county, who is about to enforce it; and where it appears from affidavits filed, and other testimony, that the person in possession, and having the actual charge and management of the mill and dam, were defendants, and served with process in the suit in which the decree was entered; that the same was fully litigated; that as a matter of fact, the dam did flow said defendant's land, and was a nuisance to him; that he

was able to respond in damages for any injuries caused by the removal of the dam, and where it does not appear that any right to build said dam and flood lands had been obtained by consent or legal proceedings, *held*, that an order of the district judge refusing a preliminary injunction will not be reversed.

2. ———— An injunction *in limine* is not a matter of strict right. It may sometimes be properly refused upon the same facts which would entitle the party of right to a perpetual injunction on final hearing.

### *Error from Wilson District Court.*

ACTION for perpetual injunction, brought by *Akin*. A preliminary injunction was applied for, at chambers, Nov. 7th, 1873. The district judge refused the application, and *Akin* appeals. The pleadings, facts and proceedings are fully stated in the opinion. No briefs on file.

*R. M. Ruggles*, for plaintiff in error.

*J. B. F. Cates*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: This was an application for a temporary injunction at the commencement of an action for an injunction, under § 239 of the civil code, to restrain defendants in error pending the litigation from tearing down and destroying a mill-dam across the Verdigris river, in Wilson county. The application was made upon the petition in the cause, duly verified, to the judge of the district court at chambers. The defendants were notified, and appeared, and resisted the motion for the temporary injunction upon affidavits which are set out in the record. The judge denied the motion for an injunction, to which plaintiff excepted, and brings the cause to this court on error, as provided in § 542 of the code. The petition sets forth in substance that on the 1st of February, 1871, plaintiff in error was and ever since has been the sole owner of the mill-dam in the petition described, and that on the 31st of January, 1872, the defendant in error, Lewis F. Davis, recovered a judgment in the district court of Wilson county against H. C. Akin, C. M. Akin, and C. M. Akin as

administrator of the estate of C. G. Akin deceased, in an action then pending wherein said Davis was plaintiff, and plaintiff in error, together with said H. C. Akin, C. M. Akin, and C. M. Akin as administrator of the estate of C. G. Akin deceased, were defendants, for the sum of five cents and costs; and that it was further decreed by said district court that said H. C. Akin, C. M. Akin, and C. M. Akin as administrator of the estate of C. G. Akin deceased, should, on or before the 1st day of March, 1872, remove so much of said mill-dam as might be necessary to prevent the water from flowing back in the channel of said Verdigris river, by reason of said dam, upon the riffles situated on the N.E.$\frac{1}{4}$ of the N.E.$\frac{1}{4}$ of section 16, township 28 south, of range 16, in said county of Wilson, and in default of compliance with said decree by said last-named defendants, within said time, then that the sheriff of said county should execute the said order by removing so much of said dam as might be necessary to satisfy said decree. The petition further states that plaintiff in error never had any notice whatever, either actual or constructive, of said action, nor did plaintiff in error ever appear in said action, nor is he (the plaintiff in error) a party to said judgment. The petition further states that at the instance and request of said Davis (defendant in error) a writ of execution has been issued by the clerk of said district court to defendant in error B. W. Ladd, sheriff of said Wilson county, upon said judgment, and that the said B. W. Ladd is now threatening and intending, at the instance and request of said Davis, to carry into effect said execution, and remove so much of said dam as may be necessary to comply with the requirements of said judgment, which, if he is allowed so to do, will be to the great and irreparable injury of the plaintiff, and in so doing the said B. W. Ladd will be acting without leave or license of plaintiff in error. A certified copy of the former proceedings and judgment is attached to the verified petition, and made a part of the same. At the argument of said motion for an injunction plaintiff in error asked leave of the said judge at chambers to amend his verified petition by inserting in the proper place the fol-

lowing: "That said mill-dam is worth ten thousand dollars, and would be totally ruined and rendered worthless if said defendants were suffered to execute the said order of said court, which they are threatening to do"—which said judge refused to allow, and plaintiff in error excepted.

The defendants showing cause why said preliminary injunction should not be granted, set forth in their affidavits, in substance, that at the time of the commencement of said original action referred to, and. during the entire pendency of the same, and until after the final judgment, said plaintiff in error was not in charge of said mill-dam in said original petition described, nor had he the actual charge or control of the same, but was residing in another county, with his family, in the business of register of the land office; that at the commencement and during the entire pendency of said action, C. M. Akin, and C. G. Akin in his life-time, carried on said mill, and had the charge and management of the same; that the dam in question was adjudged a nuisance in said former action, and ordered to be abated; that said dam at the commencement of said former action was kept and maintained as a nuisance by said defendants, and is now kept by plaintiff in error so as to flood the water back in the channel of the Verdigris, and thereby to flood the land of said Davis, lying on both sides of said river, above said dam, so as to raise the water five and one-half feet in excess of the natural flow; and that said Davis had a good ford on said river on his premises, which has been ruined; that said defendant Davis, and said sheriff of Wilson county, intend only to remove so much of said mill-dam as will prevent the waters from flooding back on said Davis' premises, and that said mill and dam are not worth over ten thousand dollars, and that said Davis is worth much more than that sum beyond exemptions and liabilities, and is able, ready and willing to respond in damages on any judgment said plaintiff in error may obtain against him by reason of any injury to said mill-dam; and that said Davis has given the said sheriff a bond of indemnity, etc.

We shall not attempt to decide at the present time whether the proceedings to abate the nuisance caused by the erection of the dam was so far a proceeding *in rem* as to conclude the owner, although not a party to the suit, for we think that upon other and more obvious grounds the ruling of the district judge must be affirmed. No right to maintain a dam is disclosed in the petition. It does not show that proceedings were ever had under the mill-dam act, or that consent was ever obtained of the parties whose lands were flooded. The plaintiff bases his right to restrain the defendants upon the fact that the dam exists, that he owns it, and that he has never been ordered to remove it. It does appear from the whole case, that in a proceeding between the owner of the lands flooded, and the actual possessors and managers of the mill and dam, the dam was declared a nuisance, and the parties in charge ordered to abate it; that as a matter of fact it is a nuisance to one of the defendants; and that said defendant is able to respond to all damages which may be caused by the removal of the dam. Under these circumstances we cannot say that the judge in the exercise of a sound discretion erred in refusing an injunction.

Some full and clear showing might well be insisted on, of a right to maintain the dam, even though it were conceded that the prior judgment was not conclusive. An injunction *in limine* is not a matter of strict right. It may sometimes be properly refused upon the same facts which would entitle the party of right to an injunction on final hearing. (*Stoddart v. Vanlaningham*, ante, p. 18.) It may be a hardship to have the dam removed, but if a party builds a dam without obtaining by consent or legal proceedings the right to flow lands above the dam, he has only his own imprudence to blame for the result. The order denying the temporary injunction will be affirmed.

All the Justices concurring.