CHAS. E. OLMSTEAD v. CHAS. F. KOESTER, *Treasurer, &c.*

1. PETITION, *as an Affidavit, and as a Pleading; Sufficiency.* When a verified petition is used as an affidavit, its allegations must be construed as those of an affidavit, and must be such statements of fact as would be proper in the oral testimony of a witness. Allegations which are simply conclusions of law, whether sufficient or not as matter of pleading, are incompetent as testimony.

2. PRELIMINARY INJUNCTION; *Discretion.* A preliminary injunction is not a matter of strict right. Its issue rests with the sound discretion of the Judge; and before one is issued there should be such a full showing of all the facts that the Judge acts with a thorough understanding of the entire case.

3. ———— *To Restrain Collection of Taxes.* Where an application is made for a preliminary injunction to restrain the collection of certain taxes

levied to pay for bonds, and the only evidence of the invalidity of the bonds is the general allegation in a verified petition that the bonds were illegally issued, and were never issued by the township in which the property of the plaintiff is situate, *held*, that this court cannot say that there was error in the refusal by the district court of any preliminary injunction.

## *Error from Marshall District Court.*

ON the 6th of December 1873, Olmstead, "who sues as well for the other taxpayers of Blue Rapids City township as for himself," applied to the Judge of the district court for a temporary injunction against Charles F. Koester, as treasurer of Marshall county, to restrain him as such treasurer from collecting a certain tax levied upon the real property of the plaintiff and other citizens of Blue Rapids City township. The application was made and heard upon plaintiff's verified petition, and the injunction was refused. *Olmstead* appeals, and brings the case here on error.

*Nathan Price*, for plaintiff in error:

The only question to consider is, does the petition on its face present a case upon which an injunction should be granted? The petition shows that the treasurer is attempting to collect a tax which is illegal in two respects: 1st, that it is levied to pay bonds that were illegally issued; 2d, that this township never issued said bonds. Certainly if these propositions are true the tax must be illegal, and § 253 of the code gives Olmstead the right to enjoin the treasurer from taking any steps to collect this tax on the lands specifically described in the petition. Such being the case, it was error for the court to refuse to grant the injunction. If he had not the right to sue for the others, it was the duty of the court to give him or any other plaintiff the rights which the petition showed him entitled to, and not to refuse all relief. We think this view of the law is substantially the same as that taken by this court in the cases of *Comm'rs of Leavenworth Co. v. Lang*, 8 Kas., 284, and *Bartholow v. City of Atchison*, 4 Kas., 124.

*J. D. Brumbaugh,* for defendant in error:

The petition presents two questions: 1st, that the bonds were never issued by the said Blue Rapids City township; 2d, that the bonds were illegally issued, and are void in law.

1. The bonds in question were issued under a special law of 1870, chapter 23, page 57, at a time when Blue Rapids City township was included in and formed a part of the township of Blue Rapids. The parties now seeking to avoid the payment of the tax participated in the election authorized by the act above cited. Chapter 142, laws of 1873, page 267, authorized the county clerk to place upon the tax-rolls the seven-mills tax to pay the interest, etc., of said bonds upon the real estate that was embraced within Blue Rapids township at the time said bonds were authorized to be and were issued. The county clerk did nothing more than the law required him to do. The petition in this case being sworn to, is used as the affidavit, and does not allege that said bonds were not issued by another municipal township in Marshall county at a time when said Blue Rapids City township formed a part of such township. If the act of 1873 is valid, then all the real estate in Blue Rapids township, as it existed at the time said bonds were authorized to be issued, is held for this tax, the same as if no change in the boundary line of said township had been made.

2. The petition is insufficient in not alleging in what the illegality consists. The allegation in the petition is, that the "tax was levied upon all the real estate in Blue Rapids City township for the purpose of paying certain pretended bonds illegally issued for the purpose of building a bridge," etc. The petition should state facts showing the illegality. The statement that the bonds were "illegally issued" is a conclusion of law, and not sufficient. A court of equity ought not to interfere with the speedy and ordinary collection of taxes, unless the plaintiff makes a showing, coming within some acknowledged heads of equity jurisdiction: 14 N. Y., 534; 25 N. Y., 312.

3. As the tax complained of was levied for paying bonds issued by Blue Rapids township to build a bridge, said township should have been made a defendant; 11 Gray, 436; Koester, as county treasurer, the only defendant, has no interest in the adjudication; he is merely the agent to collect the money and pay it out to the parties entitled to receive it. To adjudicate upon a question of such vital importance, without the parties in interest being before the courts, would work untold hardships. The bondholders should be made parties defendants. *The State v. Anderson, Treasurer,* 5 Kas., 90.

The opinion of the court was delivered by

BREWER, J.: This was an action to restrain the collection of a tax of seven mills levied to pay certain bonds. An application for a temporary restraining order was refused, and this ruling is the alleged error. It does not appear that any evidence other than the verified petition was presented upon such application, though so far as anything in the record is to the contrary there may have been abundance of contradictory testimony. Upon this verified petition ought a temporary restraining order to have been made? The only allegation bearing upon the illegality of the tax is, that the defendant, the county treasurer, is threatening to collect a tax levied on the real estate in "Blue Rapids City township for the purpose of paying certain pretended bonds illegally issued for the purpose of building a bridge across the Big Blue river at the foot of Main street, in or near the city of Irving, in the said county of Marshall; and plaintiff further alleges, that the said bonds were never issued by the said Blue Rapids City township, and that neither the hereinbefore described property of this plaintiff, nor any property in the said township of Blue Rapids City, is liable for the said bonds, or any part thereof, and that the said levy of the said tax on the said real estate of this plaintiff, and on all other real estate of said township, is illegal and void at law." Counsel contend that "the petition shows that the treasurer is attempting to collect a tax which is illegal in two respects, first, that it

is levied to pay bonds which were illegally issued; second, that this township never issued said bonds," and that therefore the tax being illegal its collection should be enjoined. We think counsel errs in the conclusion he draws, and from overlooking two considerations. First—that the petition is made in this case to subserve two purposes, that is, that of a pleading, and that of evidence; and second—that there are ofttimes considerations which upon the same testimony will forbid a temporary restraining order when upon final hearing they will require a permanent injunction. Now it may be sufficient to state in a petition that bonds were "illegally issued," but it would manifestly be improper for a witness to so testify. It is not a fact of which he may speak, but a conclusion of law to be drawn from the facts to which he testifies. Doubtless witnesses do often speak of matters being duly and legally done, but it is either where there is no objection, or where the matter is collateral, or not seriously questioned, and never where it is the substantial matter in dispute. Where the petition alleges illegality, and the time to answer having passed, and none has been filed, or one tendering no issue upon the illegality, the illegality may be taken as admitted, and the court may act upon such admission. But where the answer-day has not arrived, the illegality is not admitted; and the petition, though verified, is to be construed as any affidavit or other testimony.

We have in several cases of late referred to the fact that often a court is justified in refusing a temporary restraining order, and requiring the plaintiff to wait until the final disposition of the case, even where the preponderance of the evidence on the application is in favor of the right to a restraining order. A preliminary injunction is not a matter of strict right. It is not like an order of attachment, which goes upon the filing of a statutory-affidavit and bond. Its issue rests with the sound discretion of the judge. If the rights of the plaintiff can be as well secured by the final injunction, and are not prejudiced by a refusal of the temporary restraining order, it ought to be refused. If the injuries

which will result to the defendant if the order is erroneously
granted will greatly exceed the benefits which will issue to
the plaintiff from its issue, if properly issued, the court may
sometimes properly decline to grant it.   And in all cases
there should be a full and clear showing of the facts, that the
court may act advisedly, and upon a clear understanding of
the whole case, otherwise there is the liability not only to
commit an error but also thereby to inflict a wrong upon the
defendant which cannot be adequately compensated.   See *Stod-
dart v. Vanlaningham*, ante, p. 18;  *Akin v. Davis*, ante, p. 144;
*Conley v. Fleming*, ante, p. 381.   Now in this case there is far
from that full showing of the facts which ought to be made
to require the issue of a temporary restraining order.   We
feel after reading the petition that we are illy informed as to
the real facts of the case, or matters of actual contest.   The
petition alleges that the bonds were never issued by Blue
Rapids City township.   Counsel for defendant in error refers
to an act of the legislature of 1870, (Laws of 1870, ch. 23,
p. 57,) authorizing Blue Rapids township to issue bonds to
build a bridge at the place named in the petition, and also
cites an act of the legislature of 1873, (Laws of 1873, ch.
142, p. 267,) which declares that all bonds heretofore or here-
after issued by any county or township shall be a lien upon
all the real estate of such county or township — that no change
in the boundaries shall affect this lien, and provides, in case
of a change of the boundary of a county, for the collection
of the tax upon the real estate which has ceased to be a part
of the county issuing the bonds.   But whether the contest is
upon the constitutionality of these acts, or whether indeed
either of them has any application to the bonds in question,
is mere matter of conjecture; and it would be manifestly im-
proper for us to be deciding questions which are not in the
case, and may never actually arise.   It seems evident, from
the fact that the regular collecting officers are attempting to
collect a tax for these bonds, that there is at least some pre-
tense of their validity; and before a court should interfere to
restrain the collection of taxes for their payment, it should

be fully advised of the circumstances under which they were issued, or are claimed to have been issued, and the facts, whatever they may be, which are claimed to invalidate them.

For the reason that we are not so advised we cannot say that the district judge erred in refusing the temporary restraining order, and his decision and order of refusal will be affirmed.

It is understood that the case of *Means v. Koester* is similar to this, and the same judgment will be entered therein.

All the Justices concurring.