## Morris *vs.* Barnwell.

Where litigation between the vendor and the purchaser of land, the one holding notes for the purchase-money and the other a bond for titles, involves alleged misdescription of boundary, alleged damages for interference with the purchaser's possession and use up to the true boundary line, and the ascertainment of the real balance due for the purchase-money, an injunction upon a pending action at law on the purchase-money notes may be granted without any abuse of discretion, even though the answer may offer to yield the disputed question of boundary, and though the alleged insolvency of the vendor be denied. The case is a weak one for injunction, but not so weak as to render it obligatory upon a reviewing court to interfere.

Injunction and receiver. Vendor and purchaser. Before Judge Hillyer. Fulton County. At Chambers. December 15, 1877.

Report unnecessary.

McCay & Trippe, for plaintiff in error.

Hopkins & Glenn, for defendant.

Bleckley, Judge.

The case is weak, but it is better that the chancellor should control it. Insolvency is denied, and the answer offers to yield the disputed question of boundary. There is not much to dispute about, but perhaps equity can do more complete

justice than could be done at law. As the chancellor wants to apply equitable principles rather than the ordinary rules of law let him have his way.

Cited in the argument: 21 *Ga.*, 208, (5).

Judgment affirmed.