CHARLES HENRY BERTENSHAW, *et al.*, v. LINN B. HAR-GROVE, *as Sheriff of Atchison county, et al.*

ACTION in the district court of Atchison county, to enjoin the sale of certain real estate. Defendants in error recovered judgment on the 23d day of May, 1885. The plaintiffs bring the case here. The opinion herein, filed at the June 1885 session of this court, contains a sufficient statement of the case.

*Coates & Bird*, and *Jackson & Royse*, for plaintiffs in error.
*Mills & Wells*, for defendants in error.

*Per Curiam:* This was an action brought in the district court of Atchison county, Kansas, by Charles Henry Bertenshaw and Mary Maud Bertenshaw against Linn B. Hargrove, as sheriff of Atchison county, Kansas, and John Belz, to enjoin the sale of certain real estate. The plaintiffs also asked for a temporary injunction pending the litigation. The application for the temporary injunction came on for hearing before the court, both parties being present, and after the hearing of the application the court refused to grant the injunction, and from such refusal the plaintiffs bring petition in error

to this court. The plaintiffs in error have also filed a motion asking this court to grant an order restraining and enjoining the defendants, and each of them, from selling or disposing of the real estate in controversy until the case can be finally decided in this court. This motion came on for hearing before the supreme court, and not only the motion, but the merits of the application in the court below for the temporary injunction, were thoroughly discussed; and this court is now fully prepared to render a decision upon the question as to whether the temporary injunction should have been granted, or not. We think the temporary injunction should have been granted.

The questions upon the final hearing of the case are not free from doubt, and whether they should be finally decided in favor of the plaintiffs, or in favor of the defendants, we are not prepared to say, and do not wish to express any opinion with reference thereto. But as before stated, the questions to be finally decided are of such a serious character that we think the temporary injunction should be granted, and should remain in force until the case can be finally decided upon its merits. No material harm can result from granting the temporary injunction, while serious harm and difficulty may result if it is not allowed. To permit the sale to proceed before these other questions are determined may so complicate the conflicting rights of the parties that they can only be afterward settled with great difficulty, and possibly with much litigation. We have, therefore, although a little irregularly, concluded to decide this petition in error upon its merits. We shall therefore reverse the decision of the district court, and remand the case with the order that the temporary injunction shall be granted.