GRACE G. KEMPER v. A. X. CAMPBELL, as *Mayor of Horton, et al.*

1. TEMPORARY INJUNCTION — *Dissolution* — *Sufficient Notice.* Where a temporary injunction is granted without notice by a probate judge in the absence of the district judge, the defendant, at any time before the trial, may apply, upon notice, to the district judge, to vacate the same; and where the notice of the motion to dissolve or vacate states that the motion will be heard upon the petition and affidavits, and the court, upon the hearing of the motion, vacates the temporary injunction upon the ground that the petition does not state facts sufficient to constitute a cause of action, the notice is sufficiently specific.

2. CASE, *Followed.* The case of *M. E. Church v. City of Wyandotte*, 31 Kas. 721, followed.

34—45 KAS.

*Error from Brown District Court.*

ON the 7th day of September, 1889, *Grace G. Kemper* commenced her action against *A. X. Campbell*, mayor of the city of Horton, and *Joseph Madeau*, street commissioner of that city. The petition, omitting caption, was as follows:

" Comes now the above-named plaintiff and complains of the said defendants, and for cause of action alleges that the city of Horton is a municipal corporation duly organized and existing under the laws of the state of Kansas as a city of the second class, in Brown county, Kansas, and has been such corporation for more than two years last past; that said defendant A. X. Campbell is the duly elected, qualified and acting mayor of the said city of Horton, and has been for more than four months last past; that said defendant Joseph Madeau is the duly appointed, qualified and acting street commissioner of said city of Horton, and has been for more than four months last past. Plaintiff further alleges that she is the owner in fee simple of the following described real estate situate in Brown county, state of Kansas, to wit: Lots Nos. 1 and 2, in block number 25, in the original town (now city) of Horton ; that said lots are situate at the corner of Main and Front streets in said city; that there is situated thereon two two-story brick buildings, which said buildings are of the value of more than $13,000; that the said buildings are situated on the lot line of said described real estate along the said named streets, and that the lower or first-floor rooms of said buildings are used and occupied by the tenants of said plaintiff as store rooms in which to carry on and transact mercantile business of various kinds; that the grade of said streets along and in front of said lots, as it now exists and is established by the mayor and city council of the city of Horton, is such as makes the said buildings and rooms easy of ingress and egress, and fit for the purposes for which they were built and are occupied; that said defendant Joseph Madeau, as street commissioner of the said city of Horton, and under the orders and direction of said A. X. Campbell, acting as mayor of said city, threatens and is about to excavate and change the grade of said streets along and in front of said described property by removing the dirt therefrom, without authority of law, and in such a manner as to make said buildings hard of ingress and egress and almost totally

unfit for the purpose for which they were built and are occupied, to the great injury and damage of said plaintiff; that said defendant A. X. Campbell, acting as mayor of the said city of Horton, threatens and is unlawfully procuring and suffering the said Joseph Madeau and others to excavate and change the grade of said streets along and in front of said property by removing the dirt therefrom in such a manner as to make said buildings hard of ingress and egress, and almost totally unfit for the purpose for which they were built and are occupied, to the great injury and damage of said plaintiff. Plaintiff further alleges that unless said defendants are enjoined and restrained as herein prayed for, said plaintiff will be irreparably injured, and that said plaintiff has no adequate remedy at law.

"Wherefore plaintiff prays judgment that until the final hearing of this cause the said defendants be enjoined and restrained from in any manner excavating or changing the grade of said streets along and in front of said described property, and from procuring or suffering the same to be done, and that upon the final hearing such injunction be made perpetual and that she recover her costs herein, and for such other and further and different relief as may seem to the court just and right."

At the commencement of the action, the probate judge of Brown county granted a temporary injunction restraining the defendants from excavating certain streets in the city of Horton. Upon the precipe of plaintiff a summons was issued indorsed, "Injunction granted." This was personally served upon each of the defendants. On the 10th day of September, 1889, defendants served notice that an application would be made to the judge of the district court on the 11th day of September, 1889, at chambers, for the vacation of the temporary injunction. The application, after being continued, came on for hearing on the 16th day of September, 1889. On said notice, plaintiff objected to the hearing of the application for the dissolution of the injunction. This was overruled. Defendants thereafter offered in evidence the petition in the case and several affidavits. The district judge, over the objection and exception of plaintiff, dissolved the temporary in-

junction, because the petition did not state a cause of action. Plaintiff excepted, and brings the case here.

*Ryan & Stuart*, for plaintiff in error.

*Flintoft Smith*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: A temporary injunction was granted in this case without notice by the probate judge, in the absence of the district judge. Upon notice, and after the hearing of a motion therefor, the district judge dissolved the temporary injunction. It is contended that the notice of the hearing before the district judge was not specific or sufficient. The notice stated that "The application for dissolution would be made upon the petition and the affidavits on which the injunction was granted, and such other affidavits as the defendants might deem proper to use in support thereof." Upon dissolving the temporary injunction, the district judge ruled that the petition did not state a cause of action. Under these circumstances, the notice was sufficiently specific. The notice was served on the 10th day of September, 1889, and stated the motion would be heard on the next day, September 11, but upon the 11th, as the plaintiff objected to taking up the motion at that time, the hearing thereof was continued to September 16. Ample time was thereby given of the hearing of the motion.

It appears from the petition that the city of Horton is a city of the second class, and cities of that class have the power to alter the grade or change the level of the land on which the streets are laid out.

The petition treats the acts of the mayor and street commissioner as if they were acting for the city of Horton. It is true that it alleges that they are excavating and changing the grade of the streets "without authority of law," and that the mayor was "unlawfully" procuring and suffering the excavation to be done, but these words add nothing to the peti-

tion. (*M. E. Church v. City of Wyandotte,* 31 Kas. 721.) Upon the authority of that case, the petition does not state sufficient facts to constitute a cause of action.

Again, "An injunction *in limine* is not a matter of strict right. It may sometimes be properly refused upon the same facts which would entitle the party of right to a perpetual injunction on final hearing." (*Akin v. Davis,* 14 Kas. 143; *Olmstead v. Koester,* 14 id. 463.)

The order of the district court will be affirmed.

All the Justices concurring.