## D. R. EMMONS *et al.* v. JAMES M. GILLE.

PURCHASE-MONEY MORTGAGE — *Foreclosure* — *Defenses* — *Title in Third Party.* It is no defense to a foreclosure action on a purchase-money mortgage that the mortgagor has commenced a civil action against a third person, claiming that such third person, for the purpose of clouding his title to the land mortgaged, has asserted an outstanding title thereto, and that such third person, by a cross answer, has alleged that he is the owner in fee simple of an undivided five-sixteenths of the land, and praying the possession thereof, which action is pending at the time the foreclosure action was commenced and called for trial, if the grantee and mortgagor has taken actual possession, under his deed having covenants of warranty, and has remained in peaceable possession without eviction, and it is not charged that the vendor is insolvent, or acted fraudulently or deceitfully.

### *Error from Johnson District Court.*

THIS action was commenced in the court below by *James M. Gille* against *D. R. Emmons et al.*, to recover on two promissory notes made by D. R. Emmons, one payable to plaintiff, and the other to Sarah J. Skelton, and by her indorsed, after maturity, but before the commencement of this action, to him, and to foreclose a mortgage given by Emmons and wife to

secure the notes, and to foreclose any interest that Carrie L. Emmons, George E. Hunter and W. S. Beard might have in the land mortgaged. The defendants below admitted the making of the notes and the mortgage to secure the same. Carrie L. Emmons set up that the only interest she had or claimed in the property was such as she had by reason of being the wife of D. R. Emmons. George E. Hunter and W. S. Beard alleged that they were each the owners of an undivided one-quarter of all of the land; that the notes were given in part payment of the purchase price of the land described in the mortgage, and that the same was conveyed to D. R. Emmons by Sarah J. Skelton and her husband by a deed of warranty, in which they covenanted and agreed with Emmons that they were lawfully seized of the land; that the same was free and clear from all incumbrances, and they further agreed to warrant and defend the same in the quiet and peaceable possession of Emmons, his heirs and assigns, against all and every person lawfully claiming the same. They further alleged, that one Lipman Myers, a resident of the state of Texas, claimed to own five undivided sixteenths of all of the land; that, at the time of the commencement of this action, there was pending and undertermined in the circuit court of the United States for the district of Kansas a suit in which Emmons, Beard and Hunter were plaintiffs and Lipman Myers was defendant, in which Myers claimed to be the owner of an undivided five-sixteenths part of the land, and was attempting in the action to oust Emmons, Hunter and Beard from the possession thereof. They also claimed that they were pushing the suit so pending in that court to final determination as rapidly as possible, and they asked that the proceedings in this case be stayed, and that no judgment be rendered against them, either foreclosing their interest in the land, or personal judgment upon the notes, until such time as a final judgment should be had in the cause pending in the circuit court; and that if the final judgment should be rendered in favor of Myers and against them, then that judgment be rendered herein against Emmons for such an amount

less than the amount purporting to be due on said notes as the value of five-sixteenths of the land bore to the whole amount thereof, and that they be further credited thereon for whatever amount they had expended in the Myers litigation. Gille replied to this defense by a denial of all matters inconsistent with the allegations of his petition.

This action was taken from Wyandotte county to Johnson county, where, on the trial of the cause, the defendants below read in evidence the pleadings in the case of Emmons, Hunter and Beard *v.* Lipman Myers, pending in the circuit court of the United States for the district of Kansas, and also the deed from James M. Gille and wife and Sarah J. Skelton and husband to David R. Emmons.   It was admitted by the parties that the case of D. R. Emmons *et al. v.* Lipman Myers was still pending in the circuit court of the United States, and that the land in controversy in that action was the same land upon which the mortgage in this action was sought to be foreclosed; and it was further admitted, that the notes secured by the mortgage sought to be foreclosed in this action were given in payment of the residue of the purchase money for the land described in the mortgage.   The court found for *Gille*, as prayed for in his petition, and overruled the motion for a new trial.   To reverse this judgment, *D. R. Emmons et al.* filed their petition in error in this court.

*Hale & Fife*, for plaintiffs in error:

That the plaintiffs in error had the right to plead the want of title in their grantors, notwithstanding the fact that by their mortgage they have covenanted that they were seized of an indefeasible title, cannot, as we believe, be controverted.   Bigelow, Estop., § 348; *Sumner v. Barnard*, 12 Metc. 459.   In New York, it has been decided that

"Where the vendee gave a bond and mortgage to secure purchase money, and an action of ejectment was afterward commenced against him by a person claiming paramount title, and the vendor brought a suit on the bond, and advertised the premises for sale, under a power contained in the mortgage,

the proceedings on the bond and mortgage were ordered to be stayed until the action of the ejectment against the vendee was determined and the further order of the court."

And the court says that the party who covenanted was actually prosecuted by an action of ejectment, on the ground that the title derived from the defendant was defective. The defendant is entitled, and it will be his duty, to defend the ejectment suit, and until that suit is disposed of he ought not to recover the remaining moneys due on the bond. *Johnson v. Gere,* 2 Johns. Ch. (N. Y.) 545. See, also, *Woodruff v. Bruce,* 9 Paige Ch. 442; *Koger v. Kanes,* 5 Leigh, 606; *Dawsey v. Hobbs,* 10 Md. 412; *Yancey v. Lewis,* 4 Hen. & Munf. 390; *Grantland v. Wright,* 5 Munf. 295; *Ralston v. Miller,* 5 Rand. 44; *Young v. McComis,* 6 Fla. 368; High, Inj., § 474; *Hardin v. Loan Co.,* 84 Ill. 251; *Morris v. Barnwell,* 60 Ga. 148; *Mitchell v. Wood,* 60 id. 525.

*Sherry & Hughes,* for defendant in error:

The answer, in the nature of a bill in equity, presented no ground for equitable interference, for two reasons: (1) There is no allegation of insolvency of the vendors. (2) There is no allegation of fraudulent or deceitful conduct on the part of the vendors.

We are well aware that it has sometimes been held, where insolvency has been alleged, or where there has been fraudulent or deceitful conduct on the part of a vendor, that a court of equity would interfere. But the rule, as laid down in 1 High on Injunctions, (3d ed., p. 291, § 384,) is as follows:

"Where the purchaser of land is in actual possession under covenants of warranty, the better doctrine seems to be that he is not entitled to an injunction against the collection of purchase money on the ground of failure of consideration resulting from want of title. Possession having been taken, under the deed, and there being no eviction at law under a paramount title, the remedy must be at law upon the covenants in the deed, in the absence of fraudulent and willful representations as to the vendor's title. In such cases, eviction at law is regarded as an indispensable part of the purchaser's claim to re-

lief in equity, and being still in possession under covenants of warranty, no injunction should be allowed."

See *Bumpus v. Platner*, 1 Johns. Ch. 213; *Abbott v. Allen*, 2 id. 519; *Patton v. Taylor*, 7 How. 133; *Gayle v. Fattle*, 14 Md. 69; *Beale v. Seiveley*, 8 Leigh, 658; *Wilkins v. Hoge*, 2 Jones Eq. 479; *Elliott v. Thompson*, 4 Humph. 99; *Seuter v. Hill*, 5 Sneed, 505; *Truly v. Wanzer*, 5 How. 141; *Merriman v. Norman*, 9 Heisk. 269; *Hardin v. Loan Co.*, 84 Ill. 251; *Allen v. Thorton*, 51 Ga. 594; *Swain v. Burnley*, 1 Mo. 286; High, Inj., 3d ed., §§ 384, 386, 388, 389; Wilts. Mortg. Forcl., § 239, and cases cited.

In the case of *Johnson v. Gere*, 2 Johns. Ch. 545, a full copy of the bill is not set forth, but it is to be presumed that all the necessary allegations, such as insolvency or deceit, were set forth in the bill. In the case of *Woodruff v. Bunce*, 9 Paige, Ch. 442, insolvency was alleged.

The doctrine as laid down in New York, instead of being as claimed by plaintiffs in error, to use the language of Chancellor Kent in *Bumpus v. Platner*, 1 Johns. Ch. 213, is as follows:

"I apprehend it may be safely said that there is no case of relief on this ground, when possession has passed and continued, without an eviction at law under a paramount title. . . . If the title fails in this case, the plaintiffs can resort to the covenants in their deeds for their indemnity. I consider an eviction at law an indispensable part of the plaintiff's claim to relief here."

The opinion of the court was delivered by

HORTON, C. J.: This was an action on two promissory notes, and for the foreclosure of a mortgage given to secure the payment thereof, which notes were given for part of the purchase money of the land described in the mortgage. The defendants were in the peaceable possession of the mortgaged premises at the time of the commencement of the foreclosure proceedings, and sought by answer to enjoin or prevent any personal judgment or foreclosure proceedings, on the ground

of an alleged defect in title, until final judgment should be rendered in a suit pending in the United States circuit court for the district of Kansas, between the defendants and Lipman Myers, who claims to be the owner of an undivided five-sixteenths of the land described in the mortgage. There was no allegation in the answer of the insolvency of James M. Gille or Sarah J. Skelton, the vendors, or of any fraudulent or deceitful conduct on their part. D. R. Emmons, the purchaser of the land, took actual possession thereof under his deed, having covenants of warranty, and continued in the actual possession thereof without eviction. After his purchase, D. R. Emmons filed his bill in the United States circuit court for the district of Kansas against Lipman Myers, of Texas, alleging therein that Myers, for the purpose of clouding his title to the land described in the mortgage, made and asserted a claim therein adverse to his estate and title, and asking that his title as against Myers be forever quieted and set at rest. Myers filed his answer, alleging that he was the owner in fee simple of an undivided five-sixteenths of the land, and also filed a cross bill, claiming an undivided five-sixteenths of the land, and asking possession thereof.

Under the pleadings and proof presented, we do not think that Emmons, or the other defendants below, were entitled, as a matter of absolute right to any stay or injunction against the collection of the purchase money on account of the pendency of the actions in the United States circuit court. (High, Inj. [3d ed.], §§ 384–390; *Church v. Fisher,* 40 Ind. 145.) In 2 Jones on Mortgages, § 1500, it is said:

"It is no defense to a foreclosure suit on a purchase-money mortgage that there is an outstanding paramount title or incumbrance when there has been no actual eviction. The mortgagor is left to his remedy on the covenant." (*Peters v. Bowman,* 98 U. S. 56; *Alden v. Pryal,* 60 Cal. 215; High, Inj. [3d ed.], § 389; *Gayle v. Fattle,* 14 Md. 69; *Kimports v. Rawson,* 29 W. Va. 487.) The courts may interfere to prevent a foreclosure on a purchase-money mortgage, if an action has been commenced on an outstanding title against the grantee

and mortgagor, and the vendor is insolvent, or has been guilty of fraud or deceit.   But such a case is not presented.   (Wilts. Mortg. Forcl, ed. 1889, § 431, and cases cited; *Woodruff v. Bunce*, 9 Paige Ch. 442; *Bumpus v. Platner*, 1 Johns. Ch. 213. The title to all of the mortgaged property is not contested in the action pending in the United States circuit court.   It does not appear that the defendants below paid or offered to pay the money due upon the mortgage of the land to which the title was not contested.   Then, again, the outstanding title was brought, in the first instance, into court by the mortgagor himself.   If the district court had postponed the hearing of the case, probably we would not have interfered. (*Morris v. Barnwell*, 60 Ga. 147.)   A preliminary injunction is not a matter of strict right.   Its issue rests with the sound discretion of the judge, and before one is issued there should be such a full showing of all the facts that the judge acts with a thorough understanding of the entire case.   (*Olmstead v. Koester*, 14 Kas. 463.)   The probable results of the final hearing, and the probable effects of a temporary restraining order upon the respective rights of the opposing parties, are proper considerations in determining the question of issuing an order. (*Akin v. Davis*, 14 Kas. 143; *Conley v. Fleming*, 14 id. 387.)

The judgment of the district court will be affirmed.

All the Justices concurring.