No. 20,631.

THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY,
*Appellee,* V. P. D. SHRIVER, *Appellant.*

### SYLLABUS BY THE COURT.

1. WATERCOURSE—*Rights of Railway Company as Riparian Owner—Reasonable Use.* A railway company as a riparian owner has the right to make reasonable use of the water of a stream for the purpose of supplying its engines and operating its railroad, reasonable use meaning such use as is consistent with the equal rights of other riparian owners.

2. SAME—*Findings—Evidence.* Findings of fact considered, and held to be sustained by sufficient evidence.

3. SAME—*Injunction—Grounds for, Ceased to Exist—Action Dismissed.* Soon after the commencement of an injunction suit between riparian owners respecting use of the water of a stream greatly depleted by unprecedented drought, the drought came to an end and the normal flow of the stream, sufficient for all uses, was restored. A preliminary injunction granted the plaintiff was dissolved, an injunction in favor of the defendant was not granted, and the action was dismissed. *Held,* the discretion of the court was not abused.

Appeal from Marion district court; ROSWELL L. KING, judge. Opinion filed July 7, 1917. Affirmed.

*W. H. Carpenter,* of Marion, for the appellant.

*William R. Smith, Owen J. Wood, Alfred A. Scott, Harlow Hurley,* all of Topeka, and *W. L. Huggins,* of Emporia, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by the railway company to enjoin destruction of a twelve-inch dam in the Cottonwood river erected to enable the railway company to secure water from the river. A temporary injunction was granted. The answer and cross-petition of the defendant, a mill owner having mills operated by water power both above and below the dam, prayed for an injunction against maintenance of the dam. At the time the answer was filed, and at the time of the trial, the cause of the litigation—dearth of water resulting from excessive drought—had ceased to exist. The court made find-

17—101 Kan.

ings of fact favorable to the plaintiff, but, because normal conditions had been restored, dissolved the temporary injunction and dismissed the action. The defendant appeals.

The controversy has become moot. The purpose of the district court was to dispose of the case in such a way that the judgment would not be *res judicata* against either party. Consequently this court will merely indicate, without elaboration, its views respecting salient matters.

The railway company as a riparian owner had the right to make reasonable use of the water of the stream for the purpose of supplying its engines and operating its railroad. Reasonable use means such use as is consistent with the equal rights of other riparian owners. (*Clark v. Allaman,* 71 Kan. 206, 80 Pac. 571.) In the case cited, abstraction of water from a stream for irrigation purposes was sanctioned. Abstraction of water for railroad purposes by a railway company which is a riparian owner is merely another use, the propriety of which can not be questioned so long as the rule of fairness and equality between owner and owner is observed.

When water is abundant there is no occasion to dispute about its use. Only when the flow becomes scanty does necessity for adjustment arise. In this case matters were brought to a crisis by an unprecedented drought, which the court felt impelled to classify as an act of God. The court found specifically that the dam did not back water far enough to interfere with the operation of the defendant's upstream mill, and found specifically that the quantity of water taken by the plaintiff did not in any appreciable degree affect the operation of the defendant's downstream mill. These were questions of fact, the solution of which depended on the estimate placed by the court on the evidence, which was conflicting to the point of contradiction. It is not necessary to review the evidence. It has been examined, and that upon which the court must have relied is abundantly sufficient to sustain the findings. Beyond ascertaining this fact, this court on appeal has no function to perform with respect to the evidence.

Granting or refusing an injunction is a subject of equitable cognizance over which the district court has a large discretion, depending on all the facts and circumstances. Since the cause of the litigation ceased to exist soon after the suit was

commenced, and can not again come into existence except under circumstances neither threatening nor reasonably to be anticipated, it can not be said that the court abused its discretion in allowing each party to pursue his normal course of conduct under the restored normal condition, without judicial restraint.

The judgment of the district court is affirmed.