No. 32,222

THE EMPORIA LOAN AND INVESTMENT COMPANY, *Appellant*, v. JOE DAILEY, Sheriff (Roy E. Davis, Substituted), et al., *Appellees*.

No. 32,223

THE EMPORIA BUILDING AND LOAN ASSOCIATION, *Appellant*, v. ROY E. DAVIS, Sheriff (Substituted for JOE DAILEY), *Appellee*.

No. 32,224

THE EMPORIA STATE BANK, *Appellant*, v. ROY E. DAVIS, Sheriff (Substituted for JOE DAILEY), et al., *Appellees*.

(44 P. 2d 288)

Opinion filed May 4, 1935.

*W. S. Kretsinger* and *Roscoe W. Graves,* both of Emporia, for the appellants.

*Frank F. Eckdall,* county attorney, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: These are appeals in three tax cases in which plaintiffs ask for a temporary injunction, on petitions alleging that their property had been valued too high by the assessor. No restraining order was asked, but the application was submitted to the court on the verified petitions without the offer of any proof. They alleged overvaluations of their property by the assessor, which would require them to pay a tax that was arbitrary and capricious, and not due to mistake in judgment.

They appeared before the county board of equalization, but that body affirmed the valuation made by the county assessor and affirmed its judgment. They then appealed to the State Tax Commission where, after a hearing duly had, that body refused a reduction and affirmed the valuation of the assessor and of the county board of equalization. One plaintiff alleged that it had a capital stock in the sum of $50,000 and a surplus of a like amount; that the true value of plaintiff's capital stock was $99,983.79; that the amount is deductible from the plaintiff's stock, leaving no taxable value; that the assessment and levy made by the county assessor and county clerk is a violation of the United States and state constitutions; that it was arbitrarily made without regard to its true value, and a value far exceeding the true value was placed upon it by the assessor. The plaintiff further alleged that it had furniture and fixtures assessed at a value of $7,500 and a tax was levied thereon of $200.70, which amount plaintiff tendered to the county treasurer in full settlement of its taxes, which amount was refused. Notwithstanding the fact that the capital stock had no taxable value, the defendant, Rickerd, has issued a tax warrant and placed the same in the hands of the sheriff, who was threatening to levy upon and sell plaintiff's property unless enjoined.

It is alleged that the assessor and county clerk, who made the assessment, had on many occasions during the campaign to secure his election said that during his preliminary term of office he had added to the tax rolls of Lyon county more than a million dollars that had previously escaped taxation, and that in his zeal to make a record he overvalued plaintiff's property.

Plaintiffs allege they have exhausted their administrative remedies, have no adequate remedy at law and therefore pray for an injunction. In the other cases the same things are said as to the assessment, differing only as to the amount and kinds of property assessed and valued by the assessor and clerk; that it was arbitrary, capricious, unconstitutional and illegal, and that they have no other adequate remedy and therefore asked for an injunction.

Were plaintiffs entitled to injunctions on the verified petitions without producing evidence other than as proved by the affidavit of the plaintiffs? In an early tax case, *Olmstead v. Koester, Treasurer,* 14 Kan. 463, there was an application for injunction presented and refused by the court. The court held the verified petition was made to subserve two purposes, that of a pleading and that of evidence, but when the answer day has not arrived, the petition, though verified, is to be construed as any affidavit or other verified pleading. The court held that a preliminary injunction is not a matter of right and that such orders have been refused by the court requiring them to wait until the final disposition of the case. This practice is approved even though the plaintiff had a preponderance of the evidence. The court held that a preliminary injunction, not being a matter of right, rests in the sound discretion of the judge or court, and before an injunction is allowed there should be such a showing of the facts that the court or judge acts with a full understanding of the nature of the controversy and the effect of the order, and authorities are cited.

The admissions of plaintiffs in their petitions furnish some reason against the granting of an injunction. They allege they appealed first to the county board of equalization, which necessarily had some knowledge of the values of property in the county, and the assessor's valuation was affirmed. Then they appealed to the state tax commission which, after a hearing duly had, affirmed the valuation made by the assessor. The averments of wrong and fraud, as will be observed, are largely conclusions of law and fact on which they base their application for an injunction, and this is not accepted as proof on a disputed question of fact.

The averments in the petition are that said assessment and levy so made by the county assessor and county clerk are illegal and unlawful, and are so oppressive, arbitrary and capricious as to constitute a fraud upon the plaintiffs; that they were made with full knowledge that they were excessive, and that such assessment

was an arbitrary act on the part of the county clerk and the county board of equalization to compel the plaintiffs to pay more than their just share of taxes for the year 1932, and was not due to mistake in judgment as to valuations.

Like averments were made in the several cases and it is evident that the statements are mere conclusions of law and of fact and could not properly be considered upon an application for a temporary injunction as testimony, and are insufficient under the rule laid down in *Olmstead v. Koester,* supra, which held that—

"When a verified petition is used as an affidavit, its allegations must be construed as those of an affidavit, and must be such statements of fact as would be proper in the oral testimony of a witness. Allegations which are simply conclusions of law, whether sufficient or not as matter of pleading, are incompetent as testimony." (Syl. ¶ 1.)

The fact that it was alleged to be contrary to the state and federal constitutions without more, was a conclusion of law on which an injunction could not be granted. Plaintiffs cite *Mariner, Mayor, v. Mackey,* 25 Kan. 669, which was brought to enjoin the collection of a judgment in which an execution had issued against the city. The execution had issued and had been placed in the hands of the sheriff, who was proceeding to levy upon the property of the city for purely public purposes. The prayer of the petition was simply to restrain proceedings under the execution, and the injunction granted was to that effect. The petition alleged that the property was exempt as held for purely public purposes. It also answered stating the nature of the judgment, that it was absolutely null and void, and that it was for witness fees for which the city was never liable. It stated no other facts tending to show the invalidity of the judgment. The sheriff did not appear and the court, finding that the facts and statements set forth in plaintiff's petition were true, granted the injunction. No fact was alleged which showed that the judgment was a nullity, and the statement that it was void was a mere conclusion of law unwarranted by the facts stated.

In *Bertenshaw v. Hargrove, Sheriff,* 33 Kan. 668, 7 Pac. 270, a hearing was had before the court, both parties being present, and after the hearing the court refused to grant the injunction. The motion came on for hearing before the supreme court, not only on the motions but on the merits of the application in the court below for the temporary injunction, where they were thoroughly discussed, and the court being fully prepared to render a decision upon the

question as to whether the temporary injunction should be granted held that it should have been granted.

There the hearing was had when the application for the temporary injunction was made, which was fully discussed, and apparently it was granted upon evidence. The court did not consider in either case the fact that the granting of the injunction was a matter of right and was within the judicial discretion of the judge.

The temporary restraining order that was issued when the case was brought here is set aside and the judgment is affirmed.