No. 37,568

WILBUR J. SMITH, *Appellant*, v. THE CITY OF KANSAS CITY; EDWARD BECKER, Health and Sanitation Department, Their Agents, Servants and Employees, *Appellees*.

(208 P. 2d 233)

Opinion filed July 9, 1949.

*A. J. Herrod*, of Kansas City, argued the cause, and was on the briefs for the appellant.

*James H. Barnes*, deputy city attorney, argued the cause, and *Alton H. Skinner*, city attorney, and *William H. Towers, Joseph A. Lynch, Russell L. Stephens* and *C. W. Brenneisen, Jr.*, deputy city attorneys, were with him on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was an action by a producer and seller of raw

milk to enjoin the officials of the city of Kansas City, from enforcing the provisions of a milk ordinance.

A restraining order was issued at the commencement of the action. Following the ruling on motions leveled against the petition plaintiff filed his first and second amended petitions. Following the filing of an answer plaintiff submitted his motion for a temporary injunction on the law without the introduction of evidence. Defendants then moved to dissolve the restraining order and to deny a temporary injunction for the reason that in the absence of testimony plaintiff was not entitled to a temporary injunction. The court reserved its ruling on defendants' motion. Plaintiff then moved for judgment on the pleadings on the ground defendants' answer failed to constitute a defense and that the admissions contained therein justified the granting of judgment and a temporary injunction. The court denied plaintiff's motion for judgment on the pleadings and offered to hear evidence in support of the temporary injunction if plaintiff desired to offer it. Counsel for the respective parties agreed plaintiff would testify he was engaged in the production of raw milk and had a milk route in Kansas City. Plaintiff declined to introduce evidence. Having denied plaintiff's motion for judgment on the pleadings the court dissolved the restraining order, denied a temporary injunction and advised the case would stand for hearing upon its merits when the issues were completed by the filing of a reply, at which time the matter of a permanent injunction would be determined.

No reply was filed. No further evidence was introduced and plaintiff has appealed. He contends the district court erred (1) in its decisions and judgment rendered (2) in dissolving the restraining order (3) in overruling his motion for a temporary injunction and (4) in overruling his motion for judgment on the pleadings and admissions made by defendants in open court.

The answer to the first contention turns on the merits of the remaining contentions. We shall consider them in the order stated.

Does an appeal lie from alleged error No. 2? There can be no appeal except as authorized by statute. While there may be an appeal from an order that grants, refuses, vacates or modifies an *injunction* under the provisions of G. S. 1935, 60-3302, or from an order discharging or modifying a *temporary injunction,* G. S. 1935, 60-3331, there is no provision in the civil code for an appeal from an order dissolving a mere *restraining* order. Nor is an order dissolving

a restraining order a final order from which an appeal lies. Some of the many cases determining these questions are *Crawford v. Firmin,* 143 Kan. 794, 57 P. 2d 465; *Allen v. Glitten,* 156 Kan. 550, 553, 134 P. 2d 631.

A mere restraining order is not an injunction, either temporary or permanent. (*Allen v. Glitten,* supra, p. 552.) Plaintiff requested the court to fix a time not exceeding ten days in which plaintiff could file a notice of appeal and to stay the proceedings under the restraining order until the appeal was disposed of, contending G. S. 1935, 60-3331, provided for such a stay. The court ruled the section was not applicable to the order dissolving a *restraining order.* The section applies to an appeal from an order *discharging* or *modifying* an attachment or *temporary injunction* and not to an order *dissolving a restraining order.* (*Crawford v. Firmin,* supra; *Allen v. Glitten,* supra.) It follows appellant's second contention cannot be sustained.

What about the third contention? An order refusing to grant an injunction is appealable. (G. S. 1935, 60-3302.) For clarity of reasoning it may be well to remember the court had not refused to grant a permanent injunction. A ruling on that question was expressly reserved until the hearing of the case on its merits. Such a hearing did not materialize for the reason already indicated, namely that appellant stood on the court's order overruling his motion for judgment and for a temporary injunction on the pleadings and the admissions of appellees.

The issue presented here is, therefore, whether the trial court was compelled, as a matter of law, to grant a *temporary injunction* by reason of the pleadings and admissions of appellees. The answer requires first an examination of the pleadings. Before doing that it should be stated the petition challenged the constitutional validity of various provisions of the city's new milk ordinance. It also challenged the validity of some provisions on other grounds. We need not presently analyze these various contentions.

Appellees insist appellant can challenge only such ordinance provisions as directly affect him and not another. It is well established that a party bringing an action in his individual capacity is not the champion of any rights except his own. (11 Am. Jur., Constitutional Law, § 111, pp. 752-753; 16 C. J. S., Constitutional Law, § 76, pp. 161-162; *Henneford v. Silas Mason Co.,* 300 U. S. 577, 81 L. Ed. 814, 57 S. Ct. 524; *Alabama State Federation of Labor v.*

*McAdory,* 325 U. S. 450, 461, 89 L. Ed. 1725, 65 S. Ct. 1384; *Euclid v. Ambler Realty Co.,* 272 U. S. 365, 395, 71 L. Ed. 303, 47 S. Ct. 114; *West v. City of Wichita,* 118 Kan. 265, 267, 234 Pac. 978; *In re Estate of Casey,* 156 Kan. 590, 599-600, 134 P. 2d 665.) We are therefore concerned only with averments of the petition which disclose appellant is affected by the ordinance.

Appellees further contend that before a private litigant may raise a question concerning the validity of an act he must show the act has been, or is about to be, applied *to his injury* and thus would deprive him of a constitutional right. That is true. The principle has special force where constitutional invalidity of an act is charged. Absent injury to himself a private litigant has no footing upon which to raise the question of invalidity of an act. (16 C. J. S., Constitutional Law, § 76, pp. 161-162; *Rosenthal v. New York,* 226 U. S. 260, 270, 57 L. Ed. 212, 33 S. Ct. 27; *Rindge Co. v. Los Angeles County,* 262 U. S. 700, 67 L. Ed. 1186, 43 S. Ct. 689; *Dahnke-Walker Milling Co. v. Bondurant,* 257 U. S. 282, 66 L. Ed. 239, 42 S. Ct. 106; *Boynton v. Fox West Coast Theatres Corporation,* 60 F. 2d 851.)

In the Boynton case, *supra,* it was said:

"But the attack on the constitutionality of the statute must be real and substantial and must at least present a fairly debatable question; the right alleged to be invaded or threatened must be clear [citing cases]; and facts from which it will appear that the circumstances are exceptional and the 'danger of irreparable loss is both great and immediate' must be clearly and fully set forth." (p. 854.)

With these basic principles in mind our first problem is to examine the pleadings in order to ascertain whether they admit compliance with the ordinance by appellant would result in his injury.

With few exceptions every section of each paragraph of the last petition was answered separately by appellees. In addition to specific denials in the separate paragraphs the answer contained a general denial of all allegations in the petition not theretofore admitted. The principal averments relating to appellant's injury, if any, resulting from the contemplated enforcement of the new ordinance that require our particular attention are contained in paragraphs four and five of the last petition. Paragraph four reads:

"4. Plaintiff further states that he has complied with all legal and lawful ordinances of the City of Kansas City, Kansas, adopted prior to the adoption of Ordinance No. 35494, and the reasonable rules, laws and regulations adopted by said city, and that the milk produced and sold by him is of excellent

quality, complies with all of the requirements of the state laws of the State of Kansas with reference to purity and quality; that such milk produced and sold by plaintiff is not pasteurized, but in the event the pasteurization provisions of said Ordinance No. 35494 are declared valid he will be compelled to comply therewith or cease doing business; that plaintiff has invested large sums of money in producing said milk, in the purchase of cows, construction and maintenance of dairy barns and dairy milk equipment, and conducts said business in the most sanitary condition and in conformity with all of the laws of the State of Kansas relating to the production and sale of raw milk."

Appellees' answer thereto reads:

"4. Defendants for their answer to paragraph 4 of plaintiff's second amended petition state that defendants *deny* the allegations contained in said paragraph 4. Defendants for further answer to paragraph 4 state that the plaintiff has been engaged in the business of producing raw milk and that the agents of the defendants have taken samples of said raw milk and tested the same and that said raw milk is of good quality and *in most instances* the tests complied with all the ordinances of the City of Kansas City, Kansas, regulating the production of raw milk, and the state laws regulating the production of raw milk, including the provisions of Ordinance No. 35494." (Our italics.)

It will be observed the answer does not admit appellant has invested large sums of money in producing milk or that if the new ordinance is declared valid appellant will be compelled to cease doing business. The denial in that paragraph of the answer and the general denial contained in a subsequent portion of the answer put in issue every allegation not admitted. Moreover if the allegations in paragraph four of the petition could be construed as implying injury would result to appellant the injury stands denied.

Paragraph five of the petition alleges:

"5. Plaintiff further states that since the adoption of said ordinance he has been notified by the Director of Health and the agents and servants of the defendants, that he will not be permitted to sell raw milk within the confines of Kansas City, Kansas, and will be permitted to sell no milk of any kind or character to his large number of customers residing in said city or to the people residing in Kansas City, Kansas, regardless of its purity and its production under the most sanitary conditions, and regardless of the fact that it is free from diseases of any kind or character, unless such milk is pasteurized and the production thereof is in conformity with all of the provisions of said ordinance, before being offered for sale to the inhabitants of Kansas City, Kansas, though the production and handling of said milk fully complies with all of the legal and lawful provisions of the laws of Kansas, and that if he attempts so to do, said officers and agents of the defendants will prevent him from so doing."

The answer to that paragraph of the petition states:

"5. Defendants for their answer to paragraph 5 of plaintiff's second amended petition state that defendants admit that under the provisions of

Ordinance No. 35494, plaintiff will not be permitted to sell raw milk to ultimate consumers, grocery stores, drug stores or restaurants, or to sell raw milk to any person or corporation from which said raw milk might pass into the hands of ultimate consumers within the City of Kansas City, Kansas, except for the purpose of pasteurization; and if plaintiff attempts to do so, the officials and agents of the defendant City will institute criminal proceedings against the plaintiff. That said criminal proceedings will not be instituted during the time the defendants are restrained by the court in the above entitled action, and defendants do not know and have no way of knowing whether it will be necessary to .institute criminal proceedings at a later date. Defendants deny each and every other allegation not heretofore admitted contained in said paragraph 5."

Here again the petition contains no direct averment appellant was or would be injured by enforcement of the ordinance. If, however, the allegations of that paragraph of the petition be construed as implying injury or damage would result the injury is denied.

Other averments to the effect appellant would be required to spend large sums of money in order to comply with the ordinance and would be compelled to sell and dispose of his dairy cows or sell milk at reduced prices to his injury were not admitted but were put in issue under appellees' denial.

In view of the specific denials contained in separate paragraphs of the answer and appellees' general denial we find no admission in the answer that enforcement of the ordinance would actually result in injury to appellant. Whether appellant could have established injury by testimony is not the question now. The sole issue is whether the pleadings admitted such injury. We think they did not. The only oral admission made by appellees on the hearing for a temporary injunction was that appellant would testify he was engaged in the production of raw milk and had a milk route in Kansas City. The admission he would so testify did not establish injury resulting from enforcement of the ordinance.

This decision, however, need not be rested on the sole ground the pleadings failed to establish injury to appellant. Assuming, however, some resulting injury had been disclosed by the pleadings, was the district court compelled to temporarily enjoin the enforcement of the ordinance? No final hearing was had on the question of a permanent injunction. The reason for that was appellant stood on his motion for judgment on the pleadings and admissions. An injunction, temporary or permanent, ordinarily may not be sought as a matter of strict right. Its granting or refusal ordinarily rests in the sound discretion of the court under all the facts and circum-

stances of the particular case. (*Olmstead v. Koester, Treasurer,* 14 Kan. 463; *Railway Co. v. Shriver,* 101 Kan. 257, 166 Pac. 519; *Atchison, T. & S. F. Rly. Co. v. Hamilton,* 130 Kan. 685, 689, 288 Pac. 560; *Emporia Loan & Inv. Co. v. Dailey,* 141 Kan. 845, 44 P. 2d 288; *Allen W. Hinkel Dry Goods Co. v. Wichison I. Gas Co.,* 64 F. 2d 881.)

The court may be justified in refusing a temporary injunction until the final disposition of the case on its merits even though the preponderance of the evidence on an application favors such an order. (*Olmstead v. Koester, Treasurer,* supra, p. 467.) The granting or refusing of an injunction is a subject of equitable cognizance over which courts have a large discretion. (*Railway Co. v. Shriver,* supra, p. 258.) So in the Hinkel case, *supra,* it was said:

"Furthermore, an order granting a temporary injunction pending final hearing, is within the sound discretion of the trial court, and upon appeal such an order will not be disturbed, unless contrary to some rule of equity or plainly the result of an improvident exercise of judicial discretion. [citing cases.]" (p. 884.)

At this juncture we must assume the instant milk ordinance, valid or invalid, was enacted as a public health measure. The ordinance, therefore, is a matter of public concern. From the record, as previously indicated, it appears the court concluded it would be wise to have a trial on the merits of the case in which evidence would be presented pertaining to the various provisions of the ordinance before undertaking to interfere with the enforcement of such an ordinance. That conclusion was in harmony with the decision in *Emporia Loan & Inv. Co. v. Dailey,* supra, where it was held:

" . . . a preliminary injunction is not a matter of right, that the granting of such an order rests largely in the discretion of the court or judge, and that before one is granted there should be such a showing of the facts that the court or judge acts with a full understanding of the nature of the controversy and the effect of the order." (Syl.)

There is no indication such a final hearing on the merits could not have been had promptly had appellant desired it. The court could then have acted with a full understanding of the issues, facts and circumstances. The question now, however, is not whether the court *might* have granted a temporary injunction but whether it committed reversible error in denying it. We think we would not be justified in concluding the district court abused sound judicial discretion in denying a temporary injunction on appellant's motion for judgment on the pleadings and the oral admissions of appellees.

The judgment is affirmed.