J. W. CHAPPELL *et al.* v. H. G. COMINS & CO.

1. ATTACHMENT — *Discharge — Review.*  An order of the district court discharging an order of attachment is reviewable in this court before there is a final disposition of the case in the court below. (*Snavely v. Buggy Co.*, 36 Kas. 106, followed.)

2. AFFIDAVITS — *Limits as to Evidence.*  Affidavits in support of, or in opposition to, a motion to discharge an order of attachment, ought to to be confined to the truth or falsity of the causes set forth in the affidavit for attachment.  The material facts involving the merits of the action are rarely, if ever, involved in an inquiry as to whether or not the order of attachment was wrongfully issued.

*Error from Barton District Court.*

THE opinion states the case.

*Maher & Osmond,* for plaintiffs in error.
*G. W. Nimocks,* for defendants in error.

Opinion by SIMPSON, C. : In this case the plaintiffs in error complain of an order of the district court of Barton county discharging an attachment.    In this court a motion is made to dismiss the petition in error, for the reason that it is not shown in the record that the case has been finally disposed of in the district court.    The theory of the motion is that an order of the district court, discharging an attachment, is not subject to review in this court until after the final disposition of the case by the court in which it originated.    This is not the law; such an order is reviewable in this court, even if

there has not been a final judgment rendered below; but if the district court had refused to discharge the attachment, such refusal could not have been reviewed in this court until after final judgment below. The case of *Snavely v. Buggy Co.*, 36 Kas. 106, contains an elaborate discussion of this question, and is decisive of this motion. The motion should be overruled.

The motion to discharge was supported and opposed by elaborate affidavits on both sides; and as there were no witnesses examined orally on the hearing, we must pass upon the questions of fact as if we had original jurisdiction. (*Keith v. Stetter*, 25 Kas. 100.) The material facts are that Mrs. J. W. Chappell and her daughter Floy were the owners of a stock of millinery goods at Great Bend; that Mrs. H. G. Comins, through her agent, one Moore, traded a lot in some addition to the city of Chicago for the stock of goods, the husband and father of Mrs. Chappell and her daughter acting as their agent, Mrs. Comins assuming to pay an indebtedness of $800 that was owing on the stock. This indebtedness not being paid when it became due, this action was commenced against Mrs. H. G. Comins & Co. to recover the amount of that indebtedness. Mrs. Comins, subsequent to the purchase, has taken into partnership the wife of Moore, who made the trade as the agent of Mrs. Comins. An attachment was obtained and levied on the stock of merchandise. The causes for attachment alleged in the affidavit are, that the defendants are about to remove their property, or a part thereof, out of the jurisdiction of the court, with the intent to defraud their creditors; and are about to convert their property, or a part thereof, into money, for the purpose of placing it beyond the reach of their creditors; and have property and rights in action which they conceal; and are about to assign, remove and dispose of their property, or a part thereof, with the intent to defraud, hinder and delay their creditors; and have assigned, removed and disposed of their property, or a part thereof, with the intent to defraud, hinder and delay their creditors, and fraudulently contracted the debt and incurred the

obligation for which the above-named suit has been brought. The existence of the causes for attachment alleged were each and all denied under oath. In the affidavits filed in support of the attachment there is absolutely no evidence to support, or that tends remotely to support, the truth of any of the alleged causes for attachment. The issues of fact made by the affidavits on both sides are as to the value of the Chicago lot, and as to whether Moore made false representations as to its value, location and surroundings, and as to whether Mrs. Moore, when she went into partnership with Mrs. Comins, assumed the payment of $800 as a debt of the new firm. These questions of fact are to be determined at the trial of the case, and do not control the order of attachment. Suit was brought against the defendants in error because they failed, neglected and refused to pay the $800 that it is alleged they assumed to pay. There was no evidence that they fraudulently contracted this debt. They did not contract it; it was contracted by the plaintiffs in error, and they would not certainly claim that the defendants in error fraudulently assumed to pay it. There is no evidence to sustain the attachment.

We recommend that the order be affirmed.

By the Court: It is so ordered.

All the Justices concurring.