No. 32,674

W. B. CRAWFORD, *Appellant,* v. ANNA L. FIRMIN et al., *Appellees.*

(57 P. 2d 465)

Opinion filed May 9, 1936.

*John W. Davis,* of Hugoton, and *Manvel H. Davis,* of Kansas City, Mo., for the appellant.

*C. T. Parker, J. S. Brollier,* both of Hugoton, *G. L. Light, Auburn G. Light,* both of Liberal, and *George Siefkin,* of Wichita, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This was an action to recover from the heirs of John A. Firmin, deceased, compensation for services rendered them by the plaintiff as special agent for eleven years and for expenses and funds advanced in caring for the real estate of the deceased for the benefit of the wife and children of the deceased. The second count of the petition refers to a judgment obtained by the defendants against the plaintiff, and alleges that defendants are insolvent, and if said judgment is satisfied plaintiff will have no adequate remedy at law, and therefore asks that the defendants and the sheriff be restrained and enjoined from collecting such judgment.

There is a serious disagreement as to what is involved in this appeal. The plaintiff, as appellant, insists that the question is whether or not the trial court committed error as a matter of law in refusing to grant the injunctive relief prayed for in the petition, urging that the allegation of insolvency with the admission of such as to some of the defendants, entitled plaintiff to the injunction for which he prayed, citing also a clause in the letter of the trial judge to the attorneys before rendering the decision, wherein it is stated: "I do not believe that the court should enjoin the collection of a debt in the form of a final judgment of this court."

The appellees maintain that the issue here involved is the right

of the plaintiff to appeal from an order of the trial court dissolving a restraining order granted by the probate judge, and they have filed in this court their motion to dismiss the appeal.

The record shows that on February 20, 1935, the day this action was commenced in the district court of Stevens county, a restraining order was obtained by the plaintiff from the probate judge of said county, the district judge being absent from the county, restraining the defendants from proceeding further under execution for the collection of the judgment against the plaintiff. Thereafter a motion was filed by the defendants in the district court for an order dissolving and holding for naught the injunction or restraining order theretofore issued in the action by the probate judge. The district judge disqualified himself and by stipulation a neighboring district judge was named as judge pro tem.

The journal entry recites that—

". . . this matter comes on for hearing before Honorable Fred Evans, judge pro tem, upon the motion of the defendants to dissolve the restraining order heretofore issued and upon the demurrer to the cross-petition herein filed; . . .

". . . thereupon the defendants introduced their evidence in support of said motion and the demurrer was argued on behalf of the plaintiff and the defendants; whereupon the court took the said matter under advisement.

"Now on this 3d day of July, 1935, the court, after considering the arguments and authorities finds:

"1. That said restraining order was wrongfully obtained and that the same should be and hereby is dissolved."

The journal entry further gives the ruling upon the demurrer, which matter is not here involved. Thereafter the plaintiff gave notice of appeal in the following language:

"The defendant will take notice that plaintiff appeals to the supreme court from the order of the district court made on the third day of July, 1935, dissolving the restraining order in this case, which restraining order was issued on the 20th day of February, 1935, and was duly approved and filed the same day."

And in the same connection the plaintiff gave an injunction bond on appeal which first recited the issuing of a restraining order on the 20th of February, 1935, and that "on the third day of July, 1935, said restraining order was dissolved by the order of the district court," and in the next paragraph that "the plaintiff appealed to the supreme court from the order of the district court dissolving said restraining order."

The clause in the preliminary letter of the judge pro tem, which

was quoted above, in line with appellant's contention that the ruling of the court was not upon the motion to dissolve but upon the prayer in the second count of the petition for an injunction, was followed by this statement: "under all the facts and circumstances appearing, I do not feel justified in continuing the restraining order in effect. In my opinion, it should not have been issued in the first place."

After the appeal was filed in this court the defendants filed with the clerk of this court a motion to dismiss the appeal for different reasons, among which was that it was not an appealable order. Three days later when a stay order was requested and allowed this motion was denied, and then, on October 28, 1935, a similar motion to dismiss was refiled, and a few days later it was passed to be heard with the merits of the case.

The appellant argues there is a confusion and inaccuracy in the use of the terms injunction and restraining order, which are often used synonymously, citing State v. Johnston, 78 Kan. 615, 97 Pac. 790, and State v. Werner, 80 Kan. 222, 101 Pac. 1004, insisting, as was therein held, that the effect and not the name was what should control, and applying this doctrine to the case at bar appellant contends that the pro tem judge acted on the prayer of the petition for an injunction by denying the same and not upon a motion to dissolve a restraining order already granted, and that the plaintiff's appeal is from the refusal to grant the injunction for which the plaintiff prayed in his petition.

We have cited some of the many references to the matter as contained in the record which make it impossible for us to accede to appellant's theory. What was actually done in the district court in this connection does not wholly depend upon the inaccurate use of the terms temporary injunction and restraining order, but this theory is confronted with the general terms of the motion to dissolve, the journal entry dissolving the restraining order, the notice of appeal and the appeal bond. The date of the restraining order is given in some of these instruments and the statement that it was issued by the probate judge.

If the trial court acted on the prayer of the petition as to the granting of an injunction, the journal entry brought up here by the appellant fails to show it either directly or by implication.

Appellant cites many cases holding that the granting or refusing to grant orders of injunction are reviewable in this court, but they cannot apply to the case at bar, where the only action of the trial

court in this connection was to dissolve the restraining order granted by the probate judge. R. S. 60-3331, which provides for appeals in attachment and injunction matters, does not include rulings dissolving restraining orders. (*Laswell v. Seaton,* 107 Kan. 439, 441, 191 Pac. 266.) Restraining orders issued by probate judges are only intended to be operative until the district court or the judge thereof can act upon such matters. (R. S. 60-1103.) Matters are only appealable where authorized by statute. (Constitution, art. 3, § 3.) This is not a final order nor such a ruling as is enumerated in R. S. 60-3302, as reviewable in this court.

The motion to dismiss the appeal should be sustained.

The appeal is dismissed.