No. 35,780

LEWIS G. ALLEN, *Appellant*, v. JESS GLITTEN, *Appellee*.

(134 P. 2d 631)

Opinion filed March 6, 1943.

*H. S. Roberts,* of Kansas City, argued the cause, and *G. M. Cowgill* and *A. C. Popham,* both of Kansas City, Mo., were on the briefs for the appellant.

*Phineas Rosenberg,* of Kansas City, Mo., argued the cause, and *E. R. Sloan, W. Glenn Hamilton, Eldon Sloan,* all of Topeka, and *David Waldman,* of Kansas City, Mo., were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This suit was instituted by Dr. Lewis G. Allen in the district court of Wyandotte county to enjoin the defendant, Jess Glitten, from prosecuting an action against him for damages in the circuit court of Jackson county, Missouri. This suit was filed after personal service had been obtained on the plaintiff in the Missouri action and after plaintiff had been granted additional time to plead in that action. No final decree has been entered in the instant suit. Plaintiff has appealed from an intermediate order.

The first question confronting us is whether we have jurisdiction to entertain the appeal. Appellant filed a verified petition. On an *ex parte* proceeding and without notice to the defendant, Glitten, a restraining order was issued on November 26, 1941. That order provided:

"THEREFORE, IT IS BY THE COURT ORDERED: That until the further order of this Court, the defendant, Jess Glitten, be and is hereby restrained from maintaining or prosecuting his said action No. 485,954, in the circuit court of Jackson county, Missouri, wherein he is the plaintiff and Lewis G. Allen is the defendant, and that the said defendant, Jess Glitten, is hereby restrained from taking any action in said suit until the further order of this Court.

"IT IS FURTHER ORDERED, That the hearing for a *temporary injunction* herein be set for the 10th day of December, 1941, at 9:30 a. m., or as soon thereafter as the same can be reached by the Court." (Emphasis supplied.)

No hearing was ever had for a temporary injunction. On December 10, 1941, appellee filed a motion to dissolve and vacate the restraining order. Appellee's motion was subsequently noticed for hearing by his counsel and a hearing was had on that motion. No evidence was introduced in support of a temporary injunction. The parties submitted briefs to the trial court in support of their respective contentions with respect to the motion to vacate the restraining order. Appellee's unverified motion controverted the truth of all averments contained in the verified petition upon which the restraining order was granted. The motion also challenged the sufficiency of the petition to warrant the granting of the restraining order and alleged some new matters designed to show why appellee's motion

should be sustained. The journal entry covering the ruling on the motion recites:

"And now on this 29th day of August, 1942, the Court after having read the briefs submitted by respective counsel *and after having read the court files in said case* finds that *said motion* above referred to should be sustained and the *restraining order* dissolved and vacated.

"It is therefore by the Court considered and ordered that the motion of defendant Jess Glitten to dissolve and vacate *the restraining order issued November 26, 1941,* by this Court should be and the same is hereby sustained and said *restraining order* dissolved and vacated this 29th day of August, 1942." (Emphasis supplied.)

In connection with the ruling on the motion, and purely incidental thereto, the court made some findings of fact based solely upon allegations contained in appellant's petition and concluded, as a matter of law, that the facts, which were well pleaded, did not entitle plaintiff to the restraining order previously granted. The appeal is from the rulings, findings, order and decision of the court, including the findings of fact and conclusions of law, whereby the court sustained the motion to vacate the *restraining order issued on November 26, 1941.*

Does this court have jurisdiction to entertain the appeal? The answer to that question depends upon whether the order from which the appeal is taken constitutes an appealable order. The civil code provides for a restraining order (G. S. 1935, 60-1103). The code also provides for a temporary injunction (G. S. 1935, 60-1102). The nature of the order is not determined by its name or label but by its effect. (*State v. Johnston,* 78 Kan. 615, 97 Pac. 790; *City of Emporia v. Telephone Co.,* 90 Kan. 118, 122, 133 Pac. 858; *City of Wichita v. Home Cab Co.,* 151 Kan. 679, 683-685, 101 P. 2d 219.) In the Johnston case we held:

"While often used synonymously, the terms 'temporary injunction' and 'restraining order' are properly distinguished as follows: A restraining order is effective only until an application for an injunction shall be heard; a temporary injunction is a restraining order effective until the trial of the action in which it is issued. The effect, and not the name by which an order may be called, determines to which of the classes it properly belongs.

"An order by a probate judge, made in the absence of the district judge from the county and in an action pending or being commenced in the district court, which order is by its terms operative until the district court or the judge thereof shall act in the matter, is a restraining order and not a temporary injunction." (Syl. ¶¶ 1, 2.)

The language of the journal entry in the case at bar is too plain

to leave room for doubt as to the meaning, intent and effect, of the order made on November 26, 1941. That order provided the restraint should be effective only until further order of the court, and it further expressly provided for, and fixed the date of, the hearing for a temporary injunction. The restraining order on its face is conclusive of the fact it was not intended to be a temporary injunction. Moreover, in the memorandum filed by the trial court is found the statement of the court, to wit: "Apparently no action has ever been taken on the hearing for the temporary injunction." G. S. 1935, 60-3331, which provides for appeals in attachment and injunction matters, does not include rulings dissolving restraining orders. (*Laswell v. Seaton,* 107 Kan. 439, 441, 191 Pac. 266; *Crawford v. Firmin,* 143 Kan. 794, 57 P. 2d 465.) There can be no appeal except as authorized by statute. (Const., art. 3, § 3.) Manifestly the order dissolving a restraining order is not a final order. In the Crawford case, *supra,* we held:

"An order of the district court dissolving a restraining order issued by the probate judge in the absence of the district judge from the county, under R. S. 60-1103, is not an appealable order or subject to review in this court."

G. S. 1935, 60-3302, pertaining to the jurisdiction of this court insofar as here pertinent, provides:

"The supreme court may reverse, vacate or modify any of the following orders of the district court or a judge thereof, or of any other court of record, except a probate court. *First*—A final order. *Second*—An order that discharges, vacates or modifies a provisional remedy; or that grants, refuses, vacates or modifies *an injunction;*" . . . (Emphasis supplied.)

It will be observed the statute does not authorize this court to reverse an order which vacates a restraining order. It confers upon this court such power only with respect to a final order, a provisional remedy and an injunction. We have expressly held a restraining order is neither a *final order* nor such a ruling as is enumerated in G. S. 1935, 60-3302. (*Crawford v. Firmin,* supra.) Our attention, however, is directed to the provisions of G. S. 1935, 60-3303. It is claimed that statute authorizes an appeal from a ruling vacating a restraining order. The contention is not good. That statute merely declares what *final orders* may be vacated, modified or reversed. Since a restraining order is not a *final order,* the provisions of G. S. 1935, 60-3303, do not apply.

It is urged the parties and the trial court treated the restraining order as a temporary injunction. The record, previously quoted,

just will not support that contention. The record on the contrary affirmatively discloses (a) the order vacated was a restraining order, (b) the order vacated was not intended to have the effect of a temporary injunction but was intended to restrain the defendant only until further order of the court or until a hearing could be had for a temporary injunction and, (c) no action for a temporary injunction was ever taken.

It is next argued the motion to vacate was, at least in part, equivalent to a demurrer to the petition and was so treated, and that such a ruling is an appealable order. It is, of course, true that a ruling sustaining a demurrer to a petition is ordinarily an appealable order but, irrespective of the manner in which the invalidity of a restraining order is attacked, there is no provision for an appeal from the ruling which vacates such an order.

It is also urged an appeal lies from the findings of fact and conclusions of law made by the trial court. The so-called findings of fact were not based upon evidence introduced on a hearing for a temporary injunction, but were based entirely upon the allegations contained in the petition upon which the *ex parte* restraining order was granted. They were made purely incidental to and in connection with the ruling on the motion to dissolve the restraining order. The same is true concerning the conclusions of law, pursuant to which the restraining order was vacated. Whether they were right or wrong can be of no consequence to this court so long as it has no jurisdiction to review the ruling. In passing we may state, if the ruling were appealable, we probably would reach the same conclusion as was reached by the trial court. Since, however, we have no jurisdiction to review the ruling, it manfestly would be improper to discuss the merits of the ruling. The appeal must be dismissed. It is so ordered.