No. 40,244

NANCY BRUNHOEBER, *Appellant,* v. HENRY BRUNHOEBER, *Appellee.*

(304 P. 2d 521)

Opinion filed December 8, 1956.

R. E. Angle, of Wichita, was on the briefs for appellant.

Howard T. Fleeson, Homer V. Gooing, Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Robert J. Hill, Gerrit H. Wormhoudt, Theodore C. Geisert and Philip Kassebaum, all of Wichita, were on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: Nancy Brunhoeber instituted this action against Henry Brunhoeber, her former husband, to recover money on a written contract executed by him approximately six months after they were divorced wherein he promised to pay certain enumerated items totaling in the sum of $3,800 "as soon as I can."

The petition, omitting formal allegations and the prayer, reads:

"Plaintiff further states that she and the defendant were at one time husband and wife, and were divorced on the 7th day of August, 1953. That after said divorce, and on February 26, 1954, the defendant herein promised, in writing, to pay this plaintiff $3800.00, a true and correct copy of said writing is hereto attached, marked Exhibit "A", and by this reference made a part hereof.

"Plaintiff further states that she is the owner and holder of said indebtedness; that it is due, demanded and unpaid."

The exhibit referred to in the petition reads:

"I owe my former wife, Nancy Brunhoeber, these items and will pay them to her as soon as I can.

"1. $2,000.00 her money I promised her back always, above any settlement.

"2. $500.00 borrowed on the insurance.

"3. $250.00 attorney fees she paid for our divorce.

"4. $600.00 she lost down payment on a house.

"5. $450.00 support money ordered by the court and unpaid last summer while she worked."

The instrument was signed by Nancy and Henry Brunhoeber.

Upon motion of the defendant the trial court required plaintiff to attach to her petition a copy of the divorce decree. It provided, in part:

"The court finds that plaintiff and defendant have, by stipulation and agreement, settled their property and financial rights. That said stipulation is presented to the court and the court having read said stipulation finds that the same is just and reasonable and should be by the court approved and the same made a part of the judgment of this cause, and attached to the Journal Entry of Decree to be filed herein."

The property agreement, made a part of the divorce decree, in part, reads:

"That on the execution of this stipulation the defendant agrees to pay plaintiff the full sum of $2500.00 and in consideration thereof and the other provisions herein set forth, plaintiff agrees to receive and accept the same in full and final settlement of their property rights and hereby releases the said defendant from further payment of support money and alimony and from further financial obligation to her, except payment to her for support of their children.

"It is agreed that this is a final and complete division and settlement of the property and financial rights of the parties hereto and that neither party shall have or make any demands on the other except as herein provided."

The divorce decree further provided:

"It is further ordered . . . that plaintiff be and is hereby granted the care and custody of the minor children . . . and the defendant be and is ordered to pay . . . for the use of plaintiff, for the support and maintenance of said minor children, the sum of $90.00 on the first day of each month, beginning October 1st, 1953 until the further order of this court. . . .

"It is further ordered, adjudged and decreed that, in accordance with said stipulation, plaintiff be and is awarded the full sum of $2500.00 and the defendant ordered, adjudged and decreed to pay the same."

Defendant demurred on the ground that the petition failed to state a cause of action and that another action was pending by the same parties for the same cause. The trial court sustained the demurrer to all the items enumerated for the reason that the first four items should have been settled at the time the divorce was granted, and, hence, unenforceable in this action, and that the last item—support money for the minor children—ordered to be paid in the divorce action, was enforceable in that proceeding, and, thus, unenforceable here. Plaintiff was granted leave to amend, but, instead, has appealed.

Two questions are presented: Was there sufficient consideration to support the promise to pay the items enumerated in the written contract of February 26, 1954? And, if so, is it incumbent upon the plaintiff to plead and prove defendant's financial ability to pay when his promise to do so is upon the express condition "as soon as I can"?

Appellant contends that the moral duty of the defendant to pay the legal obligation he agreed he owed his wife, although extinguished by the judgment in the divorce case but never performed, was a sufficient consideration to support his new promise and to permit its enforcement by this action.

Appellee contends that the several amounts which the plaintiff claims to be due on the contract, except the amount set forth in item 5, were claims that should have been settled at the time of the divorce, and that her failure to assert such claims, if she did fail to

do so, does not alter the fact that the divorce decree freed the defendant from them, and cites and relies upon *Mayfield v. Gray,* 138 Kan. 156, 23 P. 2d 498; *Calkins v. Calkins,* 155 Kan. 43, 122 P. 2d 750, and *Zellner v. Zellner,* 155 Kan. 530, 127 P. 2d 428, which held in effect that in an action for divorce, matters of alimony, division of property, and all obligations arising out of or connected with the marital relationship may be presented and adjusted; that if not then presented the judgment is as full and complete a bar to a subsequent assertion of such rights between the husband and wife as if they had been fully tried and determined in the divorce action.

In considering the first question the reasonable inference is that defendant, realizing he had not dealt fairly with plaintiff in the divorce action, wished to make amends by promising to pay her the items set forth in the contract, which he expressly stated he owed and would pay as soon as he could and that he regarded each item, except item 5, as owing to plaintiff at the time their property rights were settled by the divorce decree. Plaintiff is not here making demand in violation of the property agreement; rather, she seeks to enforce defendant's promise to pay made subsequent to that agreement. While the legal liability to pay the items enumerated, except item 5, was extinguished by the judgment in the divorce action, the moral obligation to pay these items was not extinguished. This court is firmly committed to the rule that the moral obligation of a debtor to pay a prior obligation is a sufficient consideration to support a new promise to pay when the original obligation has been extinguished or rendered unenforceable by operation of law. (*Brown v. Akeson,* 74 Kan. 301, 86 Pac. 299; *Garrison v. Marshall,* 117 Kan. 722, 233 Pac. 119; 17 C. J. S. Contracts, § 123, p. 472; 12 Am. Jur. Contracts, § 101, p. 596.)

Defendant's moral obligation to pay his prior legal obligation to plaintiff, which he expressly recognized, was a sufficient consideration for the new promise to pay. It was definite in amount and referred to specific obligations. It is enforceable against the defendant as soon as he can pay it.

The defendant further contends that his promise to pay delinquent child support payments is unenforceable since the district court which granted the divorce retained jurisdiction to increase child support payments or compel their payments, and that his promise added nothing to his existing obligations or to plaintiff's existing rights. While child support payments, ordered paid in installments,

become a judgment when due (*Sharp v. Sharp*, 154 Kan. 175, 117 P. 2d 561; *McKee v. McKee*, 154 Kan. 340, 118 P. 2d 544) and the district court may compel their payment (G. S. 1955 Supp. 60-1510), we know of no reason why, if they become delinquent, the defendant's subsequent written promise to pay them cannot be enforced. The defendant has a continuing legal and moral obligation to support his children and the reasonable inference here, was that defendant wished to fully discharge that duty. The amount he agreed to pay in item 5 was delinquent and it may be enforced by plaintiff.

Notwithstanding what has been previously said, the district court properly sustained defendant's demurrer. Concededly, the contract sued upon is not a negotiable instrument (G. S. 1949, 52-201). Time for payment of the different amounts enumerated is not fixed except "as soon as I (defendant) can." This was a conditional promise to pay and under the terms of the contract plaintiff could not successfully maintain an action against the defendant until his financial ability to pay was alleged and proved. In *In re Estate of Clover*, 171 Kan. 697, 237 P. 2d 391, it was said:

"The great weight of authority supports the rule, to which we subscribe, that a promise to pay when a promisor is able is not an absolute but conditional promise to pay and that it is incumbent upon the person seeking to enforce such contract to allege and prove the ability of the promisor to pay the obligation (See decisions cited in 94 A. L. R. Anno. 721). By the same token, particularly since, as we have seen, a cause of action based on such a promise accrues the moment the promisor's ability to pay becomes a fact, we are inclined to the view it should be held the promisee is required to plead when the promisor's ability to pay became an established fact in order to state a good cause of action. . . ." (l. c. 701, 702.)

See, also, 41 Am. Jur., Pleading, § 105, p. 363 and 8 Am. Jur., Bills and Notes, § 956, p. 565.

The defendant cites and relies upon *Leis v. Sinclair*, 67 Kan. 748, 74 Pac. 261. The purport of this holding is that ordinarily where there is a stipulation in an executory contract to do some act, and the time of performance is not specified, it is to be done within a reasonable time; and therefore, the want of a stipulation to that effect does not necessarily render the contract void. That case is clearly distinguishable from *In re Estate of Clover*, supra. There, no time of payment was specified; here, time of payment was conditionally specified. Moreover, it is not here contended that the con-

tract was void because the time for performance was not specified, rather, that for the plaintiff to state a cause of action she is required to plead and prove when the defendant's ability to pay became an established fact. We believe the rule announced in *In re Estate of Clover,* supra, is sound and applicable here. An indispensable element of plaintiff's cause of action was omitted from her petition by her failure to allege the present ability of the defendant to pay the sums enumerated, and, necessarily, the demurrer was properly sustained.

The judgment is affirmed.