No. 40,864

MARY EVELYN EDWARDS, *Appellant* and *Cross-appellee*, v. J. RENZ EDWARDS, JR., THE SECURITY NATIONAL BANK, and the F. S. EDWARDS TOBACCO CO., INC., and CORNELIA SMITH, *Appellees* and *Cross-appellants*.

(324 P. 2d 150)

Opinion filed April 12, 1958.

*David W. Carson,* of Kansas City, argued the cause, and *William A. Smith, John K. Dear* and *J. W. Mahoney,* of Kansas City, were with him on the briefs for appellant and cross-appellee.

*Philip Kirwin,* of Kansas City, Missouri, argued the cause, and *Joseph H. McDowell,* of Kansas City, Kansas, was with him on the briefs for J. Renz Edwards, Jr., appellee. *J. O. Emerson,* of Kansas City, Kansas, argued the cause, and *Edw. M. Boddington* and *Edw. M. Boddington, Jr.,* of Kansas City, were with him on the briefs for appellee and cross-appellant Cornelia Smith.

The opinion of the court was delivered by

FATZER, J.: The principal question presented is whether an order of the district court vacating a previous *ex parte* order for child support and alimony *pendente lite* entered at the commencement of a divorce action pursuant to G. S. 1949, 60-1507, and uncomplied with by defendant husband, is subject to appellate review. The appellant wife contends the order is reviewable and that past-due and unpaid monthly payments for child support and alimony *pendente lite* become final judgments and that property of the defendant is liable to be taken on execution and sold to satisfy them. The appellee husband contends that all appeals are statutory and that the order dissolving the *ex parte* order *pendente lite* was not a final order, or one that involved the merits of the action or some part thereof, as provided in G. S. 1949, 60-3302, and that this court does not have jurisdiction to review the order.

On May 9, 1956, the verified petition was filed for a divorce, alimony, support money, child custody and attorney's fee; the grounds alleged were extreme cruelty and gross neglect of duty. The F. S. Edwards Tobacco Co., Inc. and the Security National Bank of Kansas City, Kansas, were made parties defendant, together with the husband, J. Renz Edwards, Jr. (Edwards). It was alleged

that Edwards was president and employed by the tobacco company, and his income from his salary after deductions was $800 per month; that he had an expense account of $250 per month and other income in the sum of $1200 per annum; that Edwards owned stock in the tobacco company and in the Security National Bank, which were valid, subsisting assets to be considered by the court in adjusting the property rights of the parties, and that unless restrained, he would transfer the stock then standing in his name to persons unknown to plaintiff.

On the same day, the Honorable Willard M. Benton, Judge, division No. 2, entered an *ex parte* order pursuant to G. S. 1949, 60-1507 for the payment by Edwards to plaintiff of $821.05 per month as support money for plaintiff and the minor child of the parties, which included $100 for car payment, $100 for furniture payment, $121.05 for house payment, and $150 for plaintiff's attorney to be paid within 30 days. Personal service of both the summons and the order was had upon Edwards May 9, 1956. No payments were ever made by Edwards in compliance with that order.

The parties became reconciled and resumed marital relations at a date which does not appear in the record. During the reconciliation the parties and their minor child went to California. Plaintiff and the minor child returned to Kansas, and on October 5, 1956, she filed a supplemental petition alleging the reconciliation, the resumption of marital relations, and further, that Edwards had resumed his ways and conduct of extreme cruelty and gross neglect of duty toward plaintiff, making life so miserable for her that she could no longer live with him as his wife. Summons was again issued, but personal service could not be had upon Edwards since he remained outside the state of Kansas. A second order was issued restraining the defendants tobacco company and Security National Bank from transferring any stock standing in Edward's name.

On December 5, 1956, on motion of plaintiff, Cornelia Smith, the mother of Edwards and the then president of the tobacco company, was made a party defendant and restrained from transferring any property of Edwards under her control or standing in her name. On the same date plaintiff filed a second supplemental petition alleging that since the filing of her original petition Edwards had avoided the jurisdiction of the court, was outside the state, and had refused to make payments on the order of May 9, 1956; that

Cornelia Smith was aiding Edwards in avoiding the jurisdiction of the court; that stock in the tobacco company, which was the property of Edwards, was in the name of Cornelia Smith and was of the value of $50,000; that Cornelia Smith was about to or had made transfers of stock of Edwards in avoiding payments on the order of May 9, 1956, and plaintiff was in need of support for herself and the minor child; that Edwards inherited property from the estate of his father which was standing in the name of Cornelia Smith who had records of transfers of property of Edwards' father's estate, and income tax statements of Edwards; that Edwards had assets in the jurisdiction of the court, at least a part of which were in the possession and under the control of Cornelia Smith, and that the books and records of Edwards' assets were under the control of Cornelia Smith who would not produce the same unless the court so ordered. Personal service was had upon Cornelia Smith and service by publication upon Edwards.

On December 14, 1956, Cornelia Smith demurred to the second supplemental petition upon the ground it failed to state a cause of action against her, which was overruled by the district court on January 11, 1957.

On February 8, 1957, Edwards entered his appearance to the supplemental petitions.

On May 9, 1957, plaintiff caused execution to issue against the goods and chattels of Edwards on the past-due and unpaid installments of the *ex parte* order of May 9, 1956. The sheriff attempted to levy the execution upon 1590 shares of stock owned by Edwards in the tobacco company pursuant to G. S. 1949, 60-3409, which requires the official or agent of a corporation appointed to keep a record of the shares of stockholders to give a certificate of the number of shares or the amount of interest held by the judgment debtor when a copy of the execution is exhibited to him. The sheriff made return that he had served a copy of the execution upon Cornelia Smith, president of the tobacco company, and although the records were in her possession, she refused to turn them over to him.

On May 23, 1957, Edwards filed a motion to set aside the *ex parte* order of May 9, 1956, and to strike the original petition upon the ground that it had been abandoned and any cause of action thereunder had ceased to exist by reason of the reconciliation of the parties and their resumption of marital relations.

On June 11, 1957, plaintiff filed a motion for an order directing Cornelia Smith, as president of the tobacco company, to certify to the sheriff the number of shares of stock owned by Edwards in that company, and for an order directing the sheriff to sell so much of the stock as was necessary to satisfy the execution.

On June 13, 1957, the Honorable O. Q. Claflin, III, Judge, division No. 1, overruled plaintiff's motion to require Cornelia Smith to certify the amount of stock owned by Edwards; overruled Edwards' motion to strike plaintiff's original petition, and sustained Edwards' motion to set aside the *ex parte* order of May 9, 1956, effective as of the date of reconciliation, a date between May 9, 1956, and October 5, 1956, which could not then be ascertained. It was further determined that plaintiff now has judgment for such amounts of support money, if any, as may have accrued between May 9, 1956, and the date of reconciliation, and that the reconciliation canceled the *ex parte* order of May 9, 1956, as of the date of the reconciliation.

Plaintiff has appealed from the order vacating the *ex parte* order of May 9, 1956, and overruling her motion to require Cornelia Smith to certify the shares of stock owned by Edwards to the sheriff. Cornelia Smith has cross-appealed from the order overruling her demurrer to the second supplemental petition.

Edwards and Cornelia Smith challenge plaintiff's right to be heard on appeal. As previously indicated, they contend the order dissolving the *ex parte* order *pendente lite* was not a final order, or one involving the merits of the action, or some part thereof, as provided in G. S. 1949, 60-3302, for the reason the *ex parte* order was merely "interlocutory" and subject to review, modification or vacation by the district court whenever circumstances are shown which make such modification or vacation proper. Obviously, if the contention is meritorious it follows the appeal cannot be considered.

Does this court have jurisdiction to entertain the appeal? The answer to that question depends upon whether the order from which the appeal is taken is an appealable order. It is firmly settled that the supreme court has only such appellate jurisdiction as is conferred by statute (Art. 3, § 3, Const. of Kansas; *Crawford v. Firmin,* 143 Kan. 794, 57 P. 2d 465; *Allen v. Glitten,* 156 Kan. 550, 134 P. 2d 631), and when the record discloses lack of jurisdiction, it is the duty of the supreme court to dismiss the appeal (*Polzin v. National Cooperative Refinery Ass'n,* 179 Kan. 670, 298 P. 2d 333, and cases cited p. 673).

The appellate jurisdiction of the supreme court is prescribed in G. S. 1949, 60-3302. That portion here applicable reads:

"The supreme court may reverse, vacate or modify any of the following orders of the district court or a judge thereof, or of any other court of record, except a probate court. *First*—A final order. *Second*—An order that discharges, vacates or modifies a provisional remedy; or that grants, refuses, vacates or modifies an injunction; or that grants or refuses a new trial; or that confirms or refuses to confirm the report of a referee; or that sustains or overrules a demurrer. *Third*—An order that involves the merits of an action, or some part thereof . . ."

G. S. 1949, 60-3303 defines the term "final order" as:

". . . an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment. . . ."

As will be observed, G. S. 1949, 60-3302 does not expressly authorize this court to reverse an order *vacating* an *ex parte* order for support money *pendente lite*. It confers such power only with respect to a final order, a provisional remedy, or an injunction (*Snavely v. Buggy Co.*, 36 Kan. 106, 12 Pac. 522; *Chappell v. Comins*, 44 Kan. 743, 25 Pac. 216; *Crawford v. Firmin*, supra; *Allen v. Glitten*, supra; *Smith v. City of Kansas City*, 167 Kan. 684, 208 P. 2d 233). Statutes (Ch. 80, Art. 22, §§ 542, 543, Compiled Laws of Kansas, 1879) containing similar provisions to the above quoted sections and which were their source of prior law, have been construed to mean that an order *allowing* alimony *pendente lite* at the commencement of a divorce action is not appealable since it is not a "final order" nor "an order that involves the merits of an action, or some part thereof" (*Earls v. Earls*, 26 Kan. 178). In that opinion Mr. Justice Brewer, speaking for the court, said:

". . . Section 542 of the code prescribes that rulings and decisions of the district court may be reviewed in this court. The only clauses that can be supposed to have any application to this question are the first and third, which authorize this court to review a 'final order,' and also 'an order that involves the merits of an action, or some part thereof.' The order for temporary alimony is not a final order within the definition of such order given in § 543. Neither is it an order involving the merits of the action, or any part of it. . . ." (l. c. 178.)

Plaintiff claims, however, that past-due and unpaid installments under the *ex parte* order *pendente lite* became final judgments upon which execution could issue, and that the order discharging them was a "final order" since it determined their invalidity; further, that

the *ex parte* order was entered as a "provisional remedy" pursuant to G. S. 1949, 60-1507, hence, the order *vacating* and *discharging* it is subject to appellate review under G. S. 1949, 60-3302, *Second*. Since the entire matter of divorce is statutory (Art. 2, § 18, Const. of Kansas), disposition of these contentions requires a perusal of G. S. 1949, 60-1507, which reads in part:

"After a petition has been filed in an action for divorce and alimony, or for alimony alone, the court, or the judge thereof in vacation, may make without bond, and enforce by attachment, such order to restrain the disposition of the property of the parties or either of them, and for the use, management and control thereof, *or for the control of the children and support of the wife or the wife and children, during the pendency of the action, as may be right and proper,* and may make such order relative to the expenses of the suit as will insure to the wife an efficient preparation of her case. . . ." (Emphasis supplied.)

At the outset, we note the distinction between alimony and child support decreed upon dissolution of the marriage relation pursuant to G. S. 1957 Supp. 60-1510 and G. S. 1949, 60-1511, and alimony and child support allowed *pendente lite* under G. S. 1949, 60-1507. In the first situation, divorce ends the marital relation and a judgment for permanent alimony is a final determination of the rights of the parties with respect to alimony, which may not be increased nor diminished at some indefinite future time. (G. S. 1949, 60-1511; *Noonan v. Noonan,* 127 Kan. 287, 273 Pac. 409; *Conway v. Conway,* 130 Kan. 848, 851, 288 Pac. 566.) Child support ordered paid by the final decree may be modified whenever circumstances render such change proper, but the modifying order must operate *prospectively,* and, whether modified or not, past-due installments become final judgments as of the dates due and may be collected in the same manner as other judgments. (G. S. 1957 Supp. 60-1510; *Sharp v. Sharp,* 154 Kan. 175, 117 P. 2d 561; *McKee v. McKee,* 154 Kan. 340, 118 P. 2d 544, 137 A. L. R. 880; *Ortiz v. Ortiz,* 180 Kan. 334, 304 P. 2d 490; *Brunhoeber v. Brunhoeber,* 180 Kan. 396, 399, 304 P. 2d 521.) Under the latter situation, orders relating to the support of the wife and minor children, while incident to the action for divorce, are only interlocutory in nature, and effective during the pendency of the action and until final disposition on its merits. (G. S. 1949, 60-1507; *Conway v. Conway,* supra; *Ogg v. Ogg,* 126 Kan. 310, 267 Pac. 977.) Upon application for an order for support *pendente lite,* the merits of the action are not involved other than to ascertain that the verified petition states a cause of action; that the

wife, if plaintiff, is prosecuting the action in good faith; that it prima facie appears by evidence or the admission of the parties they are husband and wife, and that the wife and minor children of the parties are in need of support *pendente lite.*

In considering the nature of past-due installments for child support ordered paid by the final decree, this court, in *Sharp v. Sharp,* supra, said:

"As the court is without power to modify or change past-due installments for the support and education of minor children (*Davis v. Davis,* supra), we think such accrued unpaid installments may be collected by suit, judgment and execution *the same as past-due unpaid alimony installments. . . ."* (l. c. 177.) (Emphasis supplied.)

Obviously, the court concluded such installments were of the same character as past-due and unpaid installments for permanent alimony, which may not be modified or vacated (*Noonan v. Noonan,* supra; *Conway v. Conway,* supra), and held them to be final judgments as of the dates due and collectible by execution in the same manner as other judgments. (*Sharp v. Sharp,* supra; *McKee v. McKee,* supra; *Ortiz v. Ortiz,* supra; *Brunhoeber v. Brunhoeber,* supra.) Moreover, in this jurisdiction, child support may be ordered paid in a final decree only after service of summons upon the defendant affording him an opportunity to appear and defend and after full consideration by the district court of all the evidence presented at the hearing upon the merits. On the other hand, support money allowed *pendente lite* under G. S. 1949, 60-1507, as in the instant case, may be entered *ex parte,* is merely interlocutory, and rests largely in the discretion of the court allowing it. (G. S. 1949, 60-1507; *Ogg v. Ogg,* supra; *Conway v. Conway,* supra.) In view of the foregoing, the rule that past-due installments for child support ordered paid by the final decree become final judgments as of the dates due and may be collected in the same manner as other judgments, is clearly inapplicable to past-due installments of support allowed *pendente lite* under G. S. 1949, 60-1507.

An allowance of temporary support money under G. S. 1949, 60-1507 does not become a final judgment as that term is defined in the code of civil procedure (G. S. 1949, 60-3101), but is merely a temporary or *ad interim* provision for the support of the wife and minor children until final determination of the action. (17 Am. Jur., Divorce and Separation, § 779, p. 803.) The authorities elsewhere, we believe, preponderate in holding that an order allowing temporary alimony is not in the nature of a final judgment on which

execution can issue, nor is it a decree in equity for the payment of money. (*State ex rel v. Tolls*, 160 Ore. 317, 85 P. 2d 366, 119 A. L. R. 1370; *Duss v. Duss*, 92 Fla. 1081, 111 So. 382; *Kapp v. District Court*, 32 Nev. 264, 107 Pac. 95, Ann. Cas. 1912 D, 177; *Ford agt. Ford*, 41 Howard's Prac. Reports, N. Y. 169, 102 Am. S. R. 703; *Surut v. Surut*, 191 App. Div. 570, 181 N. Y. S. 631; *Wargo v. Wargo*, 184 Pa. Superior Ct. 587, 136 A. 2d 163.) No vested rights are acquired in the amount allowed. (*Duss v. Duss*, supra.) Like other interlocutory orders, an order for support money *pendente lite* entered pursuant to G. S. 1949, 60-1507, remains solely in the sound judicial discretion of the court which made it (*Ogg v. Ogg.* supra; *Hayn v. Hayn*, 162 Kan. 189, 175 P. 2d 127; 27 C. J. S., Divorce, § 206, p. 890; 17 Am. Jur., Divorce and Separation, § 613, p. 694), and may be modified as varying circumstances justify during the time the action is pending in any form in the district court, even to the extent of discharging accrued and unpaid installments. (*Belot v. Belot*, 115 Kan. 96, 221 Pac. 1111; *Ogg v. Ogg*, supra; 27 C. J. S., Divorce, § 214, p. 909; *Rickerson v. Rickerson*, 203 Ala. 203, 82 So. 453; *Duss v. Duss*, supra; *State ex rel v. Tolls*, supra; Keezer, Marriage and Divorce, 3d ed. p. 673, § 600.)

Contrary to plaintiff's contention, the past-due installments of the *ex parte* order of May 9, 1956, did not become final judgments (G. S. 1949, 60-3101) upon the dates due which could be collected by execution. Although those installments, when due, were subject to enforcement by attachment (G. S. 1949, 60-1507), or by contempt proceedings, the district court is empowered to modify or revoke the order for good cause during the pendency of the action. That order, like all other orders issued by a district court in a divorce action having jurisdiction of the parties and the subject matter, must be obeyed by them until reversed, modified or set aside by orderly and proper proceedings (*Goetz v. Goetz*, 181 Kan. 128, 309 P. 2d 655, Syl. ¶ 5); hence, it was the order of June 13, 1957—not the conduct of the parties, that revoked the *ex parte* order of May 9, 1956. The district court had full control of that order to review, modify or revoke it as varying circumstances justified; it had the power to reinstate it if the need arose, but an order amending, modifying, or revoking it is not a "final order" as that term is defined in G. S. 1949, 60-3303, since the merits of the action were in nowise involved; consequently, the order of June 13, 1957, is not subject to appellate review pursuant to G. S. 1949, 60-3302, *First.*

Likewise, the order denying plaintiff's motion to require Cornelia Smith to certify the number of shares of Edwards' stock to the sheriff for sale by execution is not a "final order" reviewable upon appeal. The statute (G. S. 1949, 60-1507) makes no provision for enforcement of an order for support *pendente lite* by execution; hence, the purported execution in the hands of the sheriff was of no effect. The district court properly denied the motion to require Cornelia Smith to certify Edwards' shares of stock to the sheriff. Furthermore, the order of June 13, 1957, discharged accrued and unpaid installments of the *ex parte* order of May 9, 1956, as of the date of reconciliation, a date not then determinable; consequently, there were no due and unpaid amounts determined.

The plaintiff cites *Paul v. Paul,* 121 Kan. 88, 245 Pac. 1022, as authority that an order for temporary alimony becomes a final judgment, which may be sued upon as a debt. Without fully discussing the case, we think the decision not applicable. There, the supreme court of Nebraska, while a divorce action was pending on appeal in that court, ordered the payment by the defendant husband of a monthly sum as temporary alimony for the wife *and directed that the order be enforced by execution.* As above noted, G. S. 1949, 60-1507 does not authorize such a method of enforcement. In the Paul case, *supra,* this court noted the action for divorce had terminated by final judgment, and held that as a result thereof the order for payment of temporary alimony became a final judgment. In the instant case, the action for divorce has not been disposed of in the court below, but is awaiting trial upon the issues, and under no consideration of the record do we think the *ex parte* order of May 9, 1956, became a final judgment. (*Ogg v. Ogg,* supra, p. 313.)

Is an allowance for support *pendente lite* entered as a "provisional remedy" when allowed pursuant to G. S. 1949, 60-1507? We think not. As previously indicated, an allowance for support *pendente lite* is incident to an action for divorce and alimony, or alimony alone. G. S. 1949, 60-1507 is a part of the statutory plan for divorce and alimony, or alimony alone, to enable the wife, if plaintiff, to obtain an order requiring the husband to support her and the minor children of the parties in the manner to which they are accustomed during the pendency of the action, and for expenses of the action. The right to support *pendente lite* does not exist apart from the action for divorce. While it may be invoked at any time after the commencement of the action and before the final decree, it is not a

provisional remedy existing separate and apart from the action upon which it depends. Provisional remedies such as attachment, garnishment, order of arrest, and other remedies provided by statute are available to a party to an action as a matter of right, by complying with the provisions of the statute which make them operate. On the other hand, a party to an action for divorce and alimony, or alimony alone, may apply for temporary support *pendente lite* under G. S. 1949, 60-1507, and the court *may* make an order allowing temporary support and expense money, as may be right and proper. Manifestly, an order for temporary support *pendente lite* under G. S. 1949, 60-1507 is not entered as a "provisional remedy" as that term is used in G. S. 1949, 60-3302, *Second.* For that and other reasons hereinbefore set out, the order vacating and discharging the *ex parte* order of May 9, 1956, is not subject to appellate review.

We now turn to Cornelia Smith's cross-appeal. The second supplemental petition alleged that Cornelia Smith was aiding Edwards in avoiding the jurisdiction of the court; that he was the owner of certain stock in the tobacco company standing in her name; that the books and records of Edwards' assets were under her control and that she would not produce them; that other assets of Edwards within the jurisdiction of the court were in the possession and under the control of Cornelia Smith, and that it was necessary in order to determine the ownership of Edwards' property, that she be made a party defendant. Under these allegations, the presence of Cornelia Smith was necessary for a determination of the property owned by Edwards, and its value. The inquiry as to the ownership and worth of that property was incident to the action for divorce and Cornelia Smith was a necessary and proper party defendant for a determination of those issues. (*Breidenthal v. Breidenthal,* 182 Kan. 23, 318 P. 2d 981.) The demurrer to plaintiff's second supplemental petition was properly overruled.

The record has been fully examined, and in conformity with the views hereinbefore expressed, the appeal is dismissed. With respect to Cornelia Smith's cross-appeal, the judgment is affirmed.

It is so ordered.

JACKSON, J., not participating.