**Nilene Afton ESKELSON, Plaintiff and Appellant,**

v.

**Allen C. ESKELSON, Defendant and Respondent.**

**No. 13604.**

Supreme Court of Utah.

Dec. 6, 1974.

T. Quentin Cannon, of Cannon & Duffin, Salt Lake City, for plaintiff-appellant.

Joel M. Allred, Salt Lake City, for defendant-respondent.

TUCKETT, Justice:

On January 7, 1974, the plaintiff filed a motion wherein she requested that the court grant her judgment for arrearages due under a prior divorce decree, for a one-half interest in certain shares of stock and for attorney's fees. From an adverse decision the plaintiff appeals.

The plaintiff initiated these proceedings for a divorce on May 1, 1972, and on May 22, 1972, the defendant was served with summons in the state of Nevada. Temporary order was made and entered by the court on July 20, 1972, which granted the plaintiff custody of a minor child and temporary alimony and support money. A decree was entered on August 9, 1972, which granted to the plaintiff alimony in the sum of $500 per month and $75 per month as child support. Plaintiff was also awarded the equity in the family home and other property as well as attorney's fees. On November 9, 1972, defendant moved the court to set aside the decree and to stay the running of the interlocutory period. The court entered an ex parte order extending the interlocutory provision of the decree until the further order of the court. On January 16, 1973, the parties entered into a stipulation agreeing that the marriage of the parties be terminated and that other matters be held in abeyance to be disposed of at the time the court heard the defendant's motion to set aside the decree. An order based upon the stipulation was made and entered on January 16, 1973. On April 30, 1973, the court made and entered an order setting aside the decree and granted to the defendant the right to answer the complaint as to all matters except the termination of the marriage. No appeal was taken to review the action of the court in that particular period.

Trial was had on July 11, 1973, on the issues raised by the complaint and the defendant's answer. The record indicates that during the pendency of the action the defendant was disabled by reason of accidental injuries and that his income was meager. The court at the conclusion of the hearing awarded the plaintiff the custody of the minor child and the sum of $128 per month as support money, that being the sum received from Social Security for child support, the same to continue until the further order of the court. Plaintiff was awarded the family home but the defendant was awarded an equitable lien upon the property in the sum of $4,000 to be paid upon the remarriage of the plaintiff; or when the minor child reached his majority; or upon the sale of the home by the plaintiff. The plaintiff was also awarded $1.00 per year alimony. The oth-

er property of the parties were divided by the court. An amended decree was entered on September 18, 1973.

It is the plaintiff's contention that she is entitled to judgment for the amount of temporary alimony provided for by order of the court and for the alimony provided for by the decree which was entered and which was later set aside. The court below was of the opinion that the plaintiff was not entitled to judgment for the amounts which had accumulated prior to trial on the issues. The decree on which the plaintiff bases her claims was set aside by the court and no appeal having been taken, we are of the opinion that the plaintiff's claim for arrearages in alimony and support money as well as attorneys fees is without basis in law.[1]

The decision and order of the court below is affirmed. No costs awarded.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

1. See Edwards v. Edwards, 182 Kan. 737, 324 P.2d 150.