NOT DESIGNATED FOR PUBLICATION

No. 118,099

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOE BOWEN,
*Appellee*,

v.

VICTORIA CANTRELL,
*Appellant*.


MEMORANDUM OPINION

Appeal from Franklin District Court; DOUGLAS P. WITTEMAN, judge. Opinion filed February 9, 2018. Appeal dismissed.

*John A. Boyd*, of Finch, Covington & Boyd, Chtd., of Ottawa, for appellant.

*Janine D. Hassler*, of Olathe, for appellee.


Before MCANANY, P.J., GARDNER, J., and TIMOTHY L. DUPREE, District Judge, assigned.


PER CURIAM: In this appeal arising from a child custody proceeding, Victoria Cantrell argues that her due process rights were violated by the procedure used at an emergency ex parte hearing and that her privacy rights were violated by the district court's subsequent order that she submit to a drug test. Because we lack jurisdiction to address these issues, we dismiss the appeal.

1

*Factual and procedural background*

The parties shared joint custody of their child. Mother, Victoria Cantrell, had primary residential placement of the child. Father, Joe Bowen, moved for a temporary, emergency, ex parte order that he be given sole legal custody and residential custody of their child. Bowen's verified motion alleged that Cantrell had previously been arrested for driving under the influence of alcohol, that she had been abusing methamphetamine and exposing their child to that drug, and that Cantrell's parents, who also lived in the house, grew and smoked marijuana in the house. Bowen asked the court to order Cantrell to submit to a hair follicle drug test and offered to submit to such a test himself.

The district court held an ex parte hearing in accordance with K.S.A. 2016 Supp. 23-3219. Bowen and his attorney were present, as were Cantrell and her attorney. During the ex parte hearing, the district court heard the sworn testimony of Bowen and Cantrell. Although Cantrell was present with counsel, the district court did not permit her to offer evidence or to cross-examine witnesses. Cantrell made no proffer, however, and we are not told what evidence she wished to present. The district court granted Bowen's motion for emergency change of custody, awarded him residential placement of the child, and set an evidentiary hearing for March 28, 2017, in accordance with the statute.

At the time set for the evidentiary hearing, no evidence was presented. Instead, Cantrell asked for a continuance so a guardian ad litem could be appointed. The parties journalized the events in an order filed April 17, 2017. That order states that the court asked Cantrell whether she would voluntarily submit to a hair follicle drug test, that Cantrell refused on the advice of counsel, and that the court drew an adverse inference against her that she would fail that test. The Court then ordered Cantrell to submit to that test, and she refused to do so. The order states that the court's "previous award of temporary residential custody of the minor child is confirmed until further order of the Court. . . . Mother's oral motion to modify the temporary orders is granted"; thus, Mother

2

is allowed certain telephone contact and certain unsupervised contact with the minor child. The parties retain joint legal custody of the child. The temporary orders issued by the district court at the ex parte hearing, which transferred residential placement to Bowen, thus remain in place.

Cantrell then appealed, arguing that her due process rights were violated by the procedure used at the ex parte hearing and that her privacy rights were violated by the district court's order that she submit to a drug test. No evidentiary hearing has yet been held, and no final order modifying the temporary custody or placement order has been made.

*Does this court have jurisdiction over this appeal*?

The procedural posture of this case on appeal is unusual. The district court has not made a final ruling on the motions that have been filed in this case, most importantly Bowen's motion to modify child custody, apparently recognizing its lack of jurisdiction to take further action once Cantrell docketed this appeal.

Recognizing the interim nature of the district court's order, our motions panel ordered Cantrell to show cause why this appeal should not be dismissed for lack of jurisdiction. Cantrell responded that the case should not be dismissed because the district court entered a "'final decision'" in this matter by ordering Cantrell to submit to drug testing without reasonable suspicion of drug use, which presented a question of statewide interest. Cantrell's response confirmed that no review hearing had been held on Bowen's motion to modify custody. We retained jurisdiction of the case, meaning this assigned panel may reexamine the issue.

At oral argument, Cantrell offered the same explanation of jurisdiction as in her response to the show cause order. We now revisit the question of our jurisdiction, as is

3

our duty. See *State v. Sales*, 290 Kan. 130, 135, 224 P.3d 546 (2010) (subject matter jurisdiction may be raised at any time); *State v. J.D.H.*, 48 Kan. App. 2d 454, 458, 294 P.3d 343 (An appellate court has a duty to raise subject matter jurisdiction on its own initiative when the record discloses the possibility that subject matter jurisdiction is lacking.).

Whether jurisdiction exists is a question of law over which appellate courts have unlimited review. *Fuller v. State*, 303 Kan. 478, 492, 363 P.3d 373 (2015). The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *Harsch v. Miller*, 288 Kan. 280, 287, 200 P.3d 467 (2009). To the extent resolution of this issue will involve the interpretation of a statute, this also presents a question of law subject to unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015).

Cantrell's notice of appeal and docketing statement both cite K.S.A. 2016 Supp. 60-2103(b) as the sole statutory authority for this appeal. But that statute sets forth only procedural requirements for what must be contained in the notice of appeal, such as the names of the parties appealing. Even assuming, however, that Cantrell meant to cite K.S.A. 2016 Supp. 60-2102(b), which states how to invoke appellate jurisdiction and references preliminary decisions, we find no basis for our jurisdiction. That statute states "[t]he appellate jurisdiction of the supreme court may be invoked by appeal as a matter of right from . . . [a] preliminary or final decision in which a statute of this state has been held unconstitutional as a violation of Article 6 of the Constitution . . . ." K.S.A. 2016 Supp. 60-2102(b)(1). But the district court here did not make either a preliminary or a final decision holding any school finance statute unconstitutional. Had it done so, Cantrell's appeal would be directly to our Supreme Court, not to this court.

4

Cantrell's brief and oral arguments reflect her apparent belief that because the district court's order for her to take a hair follicle test is of statewide importance, her appeal to this court is authorized. But the only time that a question of statewide interest makes any difference to our jurisdiction is when the State has appealed in a criminal case on a question reserved, as permitted in K.S.A. 2016 Supp. 22-3602(b)(3). See *State v. Leonard*, 248 Kan. 427, 432, 807 P.2d 81 (1991). Such is not the case here. And even in such cases, a final judgment is necessary. "Inherent in appeals as a matter of right by the prosecution," including in question-reserved appeals, "is the element that the trial court has entered [a] final judgment in the case." *State v. Puckett*, 227 Kan. 911, 912, 610 P.2d 637 (1980); see *State v. Grimes*, 229 Kan. 143, 147, 622 P.2d 143 (1981) ("[Q]uestions reserved . . . may be appealed only when the case has been terminated."). Whether the district court's order for Cantrell to take a hair follicle test is of statewide importance is thus not relevant to our jurisdiction in this case.

In the absence of a statutory grant of authority to the contrary, this court has jurisdiction to rule only on final decisions. See K.S.A. 2016 Supp. 60-2102(a)(4). The district court entered an emergency order temporarily changing the residential placement of the child from the Mother to the Father. Although temporary orders changing child custody may be appealable in a child in need of care case, see K.S.A. 2016 Supp. 38-2273(a) (permitting an appeal "from any order of temporary custody"), this appeal is not from such an action. Instead, as reflected in the docketing statement, appellant has appealed solely under Chapter 60 the district court's temporary, emergency, change of residential placement of a child. That order, which relates solely to temporary residence of the child and contemplates further action by the Court, is an interim, temporary, nonfinal order in the case.

"The term 'final decision' has been construed to mean 'one which finally decides and disposes of the entire merits of the controversy, and reserves no further questions or directions for the future or further action of the court.'" *Kansas Medical Mut. Ins. Co. v.*

5

*Svaty*, 291 Kan. 597, 610, 244 P.3d 642 (2010); see K.S.A. 2016 Supp. 60-254(a) ("A judgment is the final determination of the parties' rights in an action."); K.S.A. 2016 Supp. 60-254(b) ("[A]ny order . . . , however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); K.S.A. 2016 Supp. 60-2102(a), (b) (authorizing, in part, an appeal of a "final decision").

In this case the court, at the time of the paternity action, entered orders regarding child custody, residency, and parenting time which the court considered to be in the best interest of the child. See K.S.A. 2016 Supp. 23-2215(d). As long as a child subject to that order remains a minor, the court has authority to consider motions to modify the parenting plan. See K.S.A. 2016 Supp. 23-3219(a) (providing requirements for factual specificity in motions to modify final orders concerning custody or residential placement in paternity and divorce actions). But such motions may be granted only when the movant shows a material change of circumstances, K.S.A. 2016 Supp. 23-3218, and the court finds that modification would serve the best interests of the child. K.S.A. 2016 Supp. 23-3221(a). Those issues, although raised in Bowen's motion for change of custody, have not yet been resolved by any order made thereafter.

Three statutes provide for the modification of child custody or parenting time orders after a final judgment: K.S.A. 2016 Supp. 23-3218, 23-3219, and 23-3221. *State v. Hendricks*, 52 Kan. App. 2d 737, 743, 372 P.3d 437 (2016). These statutes contemplate two types of hearings in which to do so: a pre-deprivation hearing and a post-deprivation hearing.

Where, as here, a court is asked to issue an ex parte order modifying a final child custody or residential placement order based on alleged emergency circumstances, sworn testimony must support a showing of the alleged emergency:

"(a) A party filing a motion to modify a final order pertaining to child custody or residential placement . . . shall include with specificity in the verified motion, or in an accompanying affidavit, all known factual allegations which constitute the basis for the change of custody or residential placement. If the court finds that the allegations set forth in the motion or the accompanying affidavit fail to establish a prima facie case, the court shall deny the motion. If the court finds that the motion establishes a prima facie case, the matter may be tried on factual issues.

"(b) In the event the court is asked to issue an ex parte order modifying a final child custody or residential placement order based on alleged emergency circumstances, the court shall:

(1) Attempt to have the nonmoving party's counsel, if any, present before taking up the matter.

(2) Set the matter for review hearing at the earliest possible court setting after issuance of the ex parte order, but in no case later than 15 days after issuance.

(3) Require personal service of the order and notice of review hearing on the nonmoving party.

"No ex parte order modifying a final custody or residential placement order shall be entered without sworn testimony to support a showing of the alleged emergency." K.S.A. 2016 Supp. 23-3219.

The statute, outlining a pre-deprivation hearing, tacitly recognizes the existence of an extraordinary situation in which some valid governmental interest justifies the postponement of notice and hearing.

At the prompt post-deprivation hearing, the "review hearing," the movant and the respondent have the opportunity to present and refute evidence, after having received notice. The statutory scheme thus contemplates that a court order made ex parte under K.S.A. 2016 Supp. 23-3219(b) is merely temporary, to be revisited at the review hearing set within 15 days. The review hearing provides a prompt and meaningful opportunity to fully address the allegations supporting the immediate change of custody.

Based on the statutory language, we find that an order made at an emergency ex parte hearing which temporarily changes child custody or residential placement may be

7

modified at the review hearing and is thus not a final order as is required for appellate jurisdiction. The interim posture of this case is much like an order of temporary alimony which is not "a final judgment on which execution can issue, but is merely a temporary or *ad interim* provision for [the support of the wife and minor children] until final determination of the action." *Edwards v. Edwards*, 182 Kan. 737, Syl. ¶ 1, 324 P.2d 150 (1958). Like other interlocutory orders, an emergency order for a temporary change of residential placement remains solely in the sound judicial discretion of the court which made it and may be modified as varying circumstances justify during the time the action is pending in any form in the district court. See *Edwards*, 182 Kan. at 745. Thus neither the court's initial ex parte order changing custody nor its subsequent order confirming its ex parte award of "temporary residential custody of the minor child . . . until further order of the Court" is a final decision.

In the same vein, the district court's incidental order that a parent take a hair follicle test or suffer the evidentiary consequences of an adverse inference is not a final order reviewable on appeal. See *State v. LaPointe*, 305 Kan. 938, 945-47, 390 P.3d 7 (2017) (finding court order granting postconviction DNA testing was an interim order, "a mere midpoint in the proceedings," rather than final judgment in the case which permitted State to appeal upon a question reserved); *Edwards*, 182 Kan. at 745-46 (finding district court's order denying wife's motion requesting husband's property to be certified for sale by execution to satisfy temporary support arrearages is not a final order reviewable on appeal); *In re Marriage of Brown*, 295 Kan. 966, 971, 291 P.3d 55 (2012).

Kansas follows "the ancient federal policy against piecemeal appeals." *Fredricks v. Foltz*, 221 Kan. 28, 31, 557 P.2d 1252 (1976); see *State v. Sales*, 290 Kan. 130, 139, 224 P.3d 546 (2010) (discussing interlocutory appeals under K.S.A. 22-3603). Requiring all claims of error to be raised in a single appeal serves a number of important purposes that we need not enumerate here. Thus, we will not treat Cantrell's appeal from an interim order requiring drug testing as a premature appeal that may lie dormant until a final

judgment is entered. So even if we would presume that the district court's order, after the review hearing, will remain the same if Cantrell persists in her refusal to take the drug test, we have no jurisdiction presently.

Because this is an expedited case we would prefer to rule on its merits, but we cannot do so in the absence of jurisdiction. See *Weichman v. Huddleston*, 304 Kan. 80, 86-87, 370 P.3d 1194 (2016).

Appeal dismissed.